**Ronald CURRIER, et al.,**

v.

**Gerald CYR, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1990.

Decided Feb. 26, 1990.

Neal Corson (orally), Anthony Shusta, II, Corson & Shusta, Madison, Andrew Ketterer (orally), Ketterer and Alsop, Norridgewock, for Town of Norridgewock.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

The Superior Court (Somerset County, *Smith, J.*) heard a trespass and declaratory judgment action that arose from a dispute between Plaintiffs Ronald and Laurelee Currier and Defendants Gerald A. and Patricia Cyr. The dispute concerns the width and ownership of a long, narrow tract of land in Norridgewock that separates two lots owned by the Curriers and contains a traveled way connecting a lot owned by the Cyrs with a public road. The court first granted summary judgment for the Cyrs on all counts of the Curriers' complaint and the declaratory judgment count of the Cyrs' counterclaim. After a jury verdict favoring the Cyrs on the Cyrs' remaining trespass counterclaim, the court denied the Curriers' motion for judgment notwithstanding the verdict. The Curriers first appeal from the court's grant of summary judgment on two grounds: (1) a prior case between predecessors in title to the present landowners, *Laney v. Warren*, bars the Cyrs' relief; and (2) the Cyrs failed to show that the Cyrs were entitled to judgment as a matter of law. Second, the Curriers appeal the court's denial of the Curriers' motion for judgment notwithstanding the verdict on the ground that the jury verdict was not supported by sufficient evidence. We vacate both the summary judgment order and the jury award.

## I.

In August, 1986 the Curriers brought an action against the Cyrs alleging that the Cyrs trespassed over land that the Curriers claimed to own. The tract of land in dispute in this case runs easterly from Beech Hill Road, a public way, between the Curriers' north lot, known as "Lot L," and the Curriers' south lot, known as "Lot 65," to a

Alton C. Stevens (orally), Marden, DuBord, Bernier, & Stevens, Waterville, for plaintiffs.

parcel of land owned by the Cyrs. The Curriers' complaint sought both damages for the alleged trespass and a declaratory judgment as to the existence and location of the public way. The Cyrs answered the complaint and brought a counterclaim for: (1) declaratory judgment; (2) trespass; (3) intentional infliction of emotional distress; (4) interference with the contract between the Cyrs and the Town of Norridgewock; and (5) abuse of process or malicious prosecution.

During the course of the proceedings the Cyrs moved for summary judgment against the Curriers on Counts I through III of the Curriers' complaint and Count I (declaratory judgment) of the Cyrs' counterclaim. In essence, the Cyrs' motion for summary judgment argued that the Curriers had neither an ownership nor a possessory interest in the land in question, and therefore had no standing to maintain their action. After a hearing, the Superior Court granted summary judgment against the Curriers on all counts of the Curriers' complaint and Count I (declaratory judgment) of the Cyrs' counterclaim. The case proceeded to trial on Counts II through V of the Cyrs' counterclaim. At trial, the court directed a verdict against the Cyrs on all issues except Count II, the claim of trespass. The court submitted the trespass issue to the jury, which returned a verdict in favor of the Cyrs in the amount of $3,750. Judgment was entered on that verdict on December 20, 1988. The Curriers then moved for judgment notwithstanding the verdict or to amend the judgment. The court denied the Curriers' motion, and the Curriers appeal.

## II.

The first question we address is whether the Superior Court's grant of summary judgment in favor of the Cyrs was inappropriate because the parties to this case are barred from litigating the existence, width, and ownership of the disputed tract of land by the judgment in a previous action between the predecessors in title to the present parties. The previous action was entitled *Laney v. Warren*, No. CV–78–162 (Me.Super.Ct., Som.Cty., June 22, 1982). The *Laney* judgment established that a 20–foot public right of way exists abutting the southern edge of the north lot owned by the predecessors to the Curriers.

The Curriers argue that the *Laney* judgment established that no other property existed between what are now the Curriers' north and south lots except for the 20–foot public way. Further, the Curriers contended in oral argument that, as abutting landowners on either side of the public way, the Curriers own the title to the land over which the road runs. See 33 M.R.S.A. § 465 (1988). The Cyrs respond that the *Laney* judgment established that a public way of 20 feet existed within a larger strip of land that separates the Curriers' north and south lots, but argue that the *Laney* judgment does not bar the present action because the court in *Laney* did not actually determine the width and ownership of the larger strip separating the Curriers' two lots. The Cyrs imply that ownership of the disputed strip might lie with the Town or another third party. The trial court in the present case adopted the Cyrs' interpretation of the *Laney* judgment, holding that the *Laney* judgment merely established the location of an existing 20–foot public way within the strip of land in dispute in the present action, but not the width, location, or ownership of the disputed strip itself.[1]

The effect of the prior decision upon the present action is a question of

---

1. In its January 20, 1988 Judgment on Defendant's Motion for Summary Judgment, the trial court in the present case stated:

 In recent litigation between the previous owners of land now owned by plaintiffs and the previous owners of land now owned by defendants Cyrs—*Laney, et al v. Warren,* ... the court found that *a portion of the strip* bounded westerly by the Beech Hill Road and running easterly between the southerly line of [the north lot] and the northerly line of [the

 south lot] was a "town way and/or public way" which had been accepted by the Town of Norridgewock.... Because the court found on the basis of evidence presented in that case that the existing way was 20 feet wide, plaintiffs have taken the position that this finding somehow "bootstraps" them into the position of owning the balance of a 66–foot wide strip. This court does not agree.

 (Emphasis added).

law. The entire record of the *Laney* proceeding was available as an official court record of which the court in this case could take judicial notice. As there are no factual questions to be resolved in determining the effect of the prior decision, we review the court's application of the prior judgment to the present case for errors of law. M.R.Civ.P. 56; *Philbrook v. Gates Formed–Fibre Products, Inc.*, 536 A.2d 1118, 1119 (Me.1988). We conclude that the *Laney* judgment bars the Cyrs' claim, and accordingly the court in the present case erred by granting summary judgment in favor of the Cyrs.

Justified by concerns of judicial economy, the stability of final judgments, and fairness to litigants, the doctrine of res judicata bars the relitigation in a present action of all issues that were tried, or may have been tried, in a prior action if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters present for decision now were, or might have been, litigated in the prior action. *Beegan v. Schmidt*, 451 A.2d 642, 644, 646 (Me.1982) (quoting *Kradoska v. Kipp*, 397 A.2d 562, 565 (Me.1979)). The Cyrs do not challenge the presence of either the first or second elements in this formula. The parties to the *Laney* action were clearly the predecessors in title to the parties in the present action, and the judgment in the *Laney* action was valid and final.

 We now direct our attention to the third element to determine whether the litigants in the *Laney* action had an opportunity to litigate the matters raised in the instant suit. Whether the matters presented for decision were or might have been litigated in the prior case depends upon whether the same "cause of action" was before the court in the prior case. *Beegan*, 451 A.2d at 645; *Kradoska*, 397 A.2d at 568. *See also Caporino v. Lacasse*, 511 A.2d 445, 447 (Me.1986). Maine has accepted what is known as a "transactional test" of a cause of action, which defines "the measure of a cause of action as the aggregate of connected operative facts that can

be handled together conveniently for purposes of trial." *Gurski v. Culpovich*, 540 A.2d 764, 766 (Me.1988) (citing *Beegan*, 451 A.2d at 645–46; 1 R. Field, V. McKusick, & L. Wroth *Maine Civil Practice* § 18.1 (1970)). In *Beegan*, we acknowledged that the *Kradoska* decision demonstrated that a subsequent suit that arises out of the same aggregate of operative facts shall be barred even though the second suit relies upon a legal theory not advanced in the first case, seeks different relief than that sought in the first case, and involves evidence different from the evidence relevant to the first case. *Beegan*, 451 A.2d at 647–48. *See also, Kradoska*, 397 A.2d at 567–70.

In *Laney*, the predecessors to the Cyrs complained in their first count that the predecessors to the Curriers had blocked a public way that ran from Beech Hill Road to the land now owned by the Cyrs between the north and south lots now owned by the Curriers. In their second count, the predecessors to the Cyrs complained that the predecessors to the Curriers had blocked a private easement that the predecessors to the Cyrs had acquired by prescription between the two parcels owned by the predecessors to the Curriers. The operative facts necessary to determine the outcome of these claims would include evidence of the title to and use of the disputed strip of land.

On the first count, the court in *Laney* determined that a public way existed between the two parcels owned by the predecessors to the Curriers, but that two broken rock walls, approximately 66 feet apart, did not delineate the width of the public right of way. Rather, the court held the public right of way to be 20 feet wide, and established the right of way's location as abutting the southerly edge of the northern lot of the predecessors to the Curriers. The court enjoined the predecessors to the Curriers from blocking this 20–foot public way; it did not order them to stop blocking anything beyond the 20 feet. On the second count, the court ruled that the predecessors to the Cyrs did not have a private right of way by prescription over the land between the two parcels owned by

the predecessors to the Curriers. The Town of Norridgewock was also a party to the *Laney* action. While the court established the existence of the 20–foot public easement, it did not determine that the Town had any other interest in the property between the parcels presently owned by the Curriers except for this 20–foot public way.

The Cyrs and the Town are foreclosed from claiming any rights to the disputed strip of property between the parcels that the Curriers presently own because the predecessors to the Cyrs and the Town had previously brought a lawsuit claiming some rights to the disputed strip. It seems clear that the Cyrs' predecessors' claims in *Laney* to a public way and a private way in the disputed strip, and the present parties' dispute over who has rights to the disputed strip, both rely upon facts that are sufficiently "related in time, space [and] origin" that "their treatment as a unit conforms to the parties' expectations." *Caporino v. Lacasse*, 511 A.2d 445, 447 (Me.1986) (quoting *Beegan*, 451 A.2d at 645; Restatement (Second) of Judgments § 24 (1982)). The Cyrs have presented no evidence to us suggesting that their legal rights to the disputed strip of land differ in any way from those of their predecessors in title. Having determined that the operative facts of the two actions are the same, we conclude that the *Laney* action involved the same cause of action as the present action.

■ Accordingly, the parties to the present suit may not escape the bar of res judicata by arguing that the court in *Laney* confined itself to delineating the parameters of the 20–foot public way, but failed to establish the width, location, or ownership of the entire strip of land between what are now the Curriers' two parcels. The doctrine of res judicata demands that a plaintiff seeking legal relief plead all theories of recovery then available to him. *Caporino*, 511 A.2d at 447; *Beegan*, 451 A.2d at 646, 647; *Kradoska*, 397 A.2d at 567, 569. A plaintiff "cannot splinter his claim and litigate it separately in a piecemeal fashion by asserting in a subsequent lawsuit other grounds of recovery for the same claim

when he had a reasonable opportunity to raise and litigate the same grounds in the former suit." *Kradoska*, 397 A.2d at 569 (quoting *Neeld v. National Hockey League*, 439 F.Supp. 446, 458 (W.D.N.Y. 1977). *Accord Beegan*, 451 A.2d at 646. If the predecessors to the Cyrs or the Town had other rights to the strip of land between the parcels presently owned by the Curriers beyond the Town's 20–foot right of way, both the predecessors to the Cyrs and the Town should have asserted those rights in the *Laney* action. Their failure to do so does not prevent the prior judgment from acting as a legitimate bar to the present action.

### III.

■ The Cyrs also contend that the Curriers are barred from raising the claim of res judicata on appeal because the Curriers failed to raise the claim of prior adjudication in their pleadings. We find this contention unpersuasive.

It is well established that a claim of *res judicata* is waived if not raised in the pleadings. M.R.Civ.P. 8(c); *Reed v. Tracy*, 435 A.2d 745, 746 (Me.1981); *Boyd v. Boyd*, 421 A.2d 1356, 1358 (Me.1980); 1 Field, McKusick & Wroth § 8.18. However it is also well established that once a pretrial order is entered, it supersedes any prior pleadings and "controls the subsequent course of the action." M.R.Civ.P. 16(c)(3); *Ocean Nat. Bank of Kennebunk v. Odell*, 444 A.2d 422, 424 (Me.1982); *Taylor v. Richardson*, 432 A.2d 1307, 1309 (Me.1981). The court in the present case adopted in its pretrial order as the issues and legal theories to be addressed at trial those issues and legal theories set forth in the parties' pretrial memoranda. The Curriers' Pretrial Memorandum lists as the first issue presented for trial the following:

(1) *Issue:* Whether or not a judgment in the case entitled *"Ernest A. Laney v. Earl D. Warren et ux,* Somerset County Civil Action, Docket No. CV–78–162" is a bar to relitigation of the same issues (or issues which the parties were required to litigate in that action) between succes-

sors in interest to the parties in that action.

(Parenthetical in original).

The court's adoption of the issue of the preclusive effect of *Laney v. Warren* in the pretrial order indicates that the court considered the res judicata claim to be properly before it even if the Curriers had failed to raise the claim affirmatively in the pleadings. Therefore, we conclude that the Curriers did not waive their claim of res judicata.

### IV.

■ Having determined that the Curriers did not waive their res judicata claim, and that this claim bars the Cyrs' recovery on their summary judgment motion, we must vacate the summary judgment entered in favor of the Cyrs. We cannot, however, take the additional step of entering judgment for the Curriers on the Cyrs' summary judgment motion. Although we determine that both the Cyrs and the Town of Norridgewock are barred from asserting their own rights to the disputed strip of land, we do not find on the record before us that the Curriers have established their own title to the disputed strip of land.

### V.

■ We also find that the amount of the $3,750 jury verdict for the Cyrs on the Cyrs' trespass claim was not supported by sufficient evidence. Generally, we will not substitute our judgment for that of the jury in assessing damages and will not disturb the jury's damage award unless that award is a product of bias, prejudice, improper influence, or was reached under a mistake of law or in disregard of the facts. *S.H. Nevers Corp. v. Husky Hydraulics, Inc.*, 408 A.2d 676, 681 (Me.1979); *Michaud v. Steckino*, 390 A.2d 524, 536 (Me.1978). However, the evidence presented at trial cannot justify a $3,750 damage award, and we conclude that the award at hand was reached in disregard of the facts.

■ Although damages need not be proved to a mathematical certainty, an award must be supported by some evidence of the value of property damaged or expenses incurred. *King v. King*, 507 A.2d 1057, 1060 (Me.1985); *Merrill Trust Co. v. State*, 417 A.2d 435, 440–41 (Me.1980). The jury is entitled to act upon probable and inferential as well as direct and positive proof in determining damages. *Merrill Trust*, 417 A.2d at 441. A monetary award based on a judgmental approximation is proper, provided the evidence establishes facts from which the amount of damages may be determined to a probability. *Id.* However, in the case at hand there was no evidence presented that establishes facts supporting any amount close to the extent of the damage award.

Gerald Cyr testified that the Curriers crossed over the common border that separates the eastern edge of the Curriers' north lot from the western edge of the Cyrs' lot and nailed "no trespassing" signs to fifteen or twenty trees on the Cyrs' property. However, there is no direct testimony of the value of the Cyrs' own trees. Further, even though it was proper for the jury to consider the inferential value of Ronald Curriers' $250 valuation of his own trees when determining the dollar value of the damage to the Cyrs' trees, the jury appears to have disregarded the fact that no evidence was presented to suggest that the nails reduced the value of the Cyrs' trees by the full $250 amount. We find that the jury granted the $3,750 damage award to the Cyrs in disregard of the facts presented at trial.

The entry is:

Judgments vacated.

All concurring.