**BOISE CASCADE CORP., Plaintiff,**

v.

**COLT INDUSTRIES, FAIRBANKS WEIGHING DIVISION, Defendant.**

**Warren FLAGG and Norma Flagg, Plaintiffs,**

v.

**COLT INDUSTRIES, FAIRBANKS WEIGHING DIVISION, Defendant.**

**Civ. Nos. 89–0297–P, 90–0064–P.**

United States District Court, D. Maine.

April 25, 1991.

dustries and installed at the Boise Cascade Mill in Rumford, Maine. Plaintiffs Warren and Norma Flagg sued Boise Cascade alleging that the company had failed to maintain its premises in a reasonably safe condition. A jury found damages for Plaintiff Warren Flagg in the amount of $200,000. This sum was reduced by $80,-000 because of Plaintiff's comparative fault. Including interest and costs Mr. Flagg recovered $131,253.88 from Boise Cascade. The jury found no damages for Norma Flagg.

Plaintiffs Warren and Norma Flagg have now brought an action against the manufacturer of the scale, Colt Industries, alleging negligence in the design, manufacture, and installation of the scale; strict liability; and breach of warranties. This action arises from the same incident and same injuries as the prior action, *Warren and Norma Flagg v. Boise Cascade*, Civ. No. 88–0172 P.[1] Defendant Colt Industries has moved for summary judgment. Defendant first argues that Plaintiffs' claims are barred by the payment and satisfaction of Plaintiffs' prior judgment against Boise Cascade. Colt also argues that Plaintiffs' claims are barred by the doctrines of collateral estoppel and *res judicata.* Boise Cascade has joined in Defendant Colt's motion.

Defendant's first argument is too simplistic. Although Plaintiff Warren Flagg has received satisfaction of the judgment he won against Boise Cascade, he did not receive the full amount of damages found by the jury, for the verdict was reduced under the comparative negligence statute, 14 M.R.S.A. § 156. The real question, then, is that presented by Defendant's second argument: whether the verdict as reduced should collaterally estop Plaintiff from relitigating his claims against a defendant who was not a party to the first action.

Citing *Kathios v. General Motors Corp.*, 862 F.2d 944 (1st Cir.1988), Plaintiffs have conceded that they are not enti-

James M. Bowie, Thompson & Bowie, Portland, Me., for plaintiffs.

Wendell G. Large, Richardson & Troubh, Portland, Me., for defendant.

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GENE CARTER, Chief Judge.

On November 27, 1985, Plaintiff Warren Flagg was injured when he alighted from his truck and stepped on an I–Beam of a scale manufactured by Defendant Colt In-

---

1. In the consolidated case Boise Cascade seeks contribution or indemnity from Colt for the damages it paid Plaintiff Flagg in the prior case.

Boise asserts the same theories that Plaintiffs Flagg have asserted against Colt.

tled to relitigate the total amount of their damages as found by the jury. They argue, however, that they are not barred from litigating the amount of their negligence as compared with that of Colt Industries. The parties appear to agree that Maine law governs this diversity case.

In *Kathios,* the Court of Appeals addressed a case similar to this one, but presented under New Hampshire law. Specifically, Plaintiff, who was injured in an automobile accident, had been awarded $275,000 in a dram shop action against a New Hampshire restaurant. Two years later Plaintiff filed suit against General Motors alleging defective design of the automobile in which he had been riding at the time of the accident. The District Court granted Defendant's summary judgment motion, ruling in substance that "plaintiff was collaterally estopped from relitigating the amount of damages." *Id.* at 945. The court of appeals phrased the issue presented on appeal as follows: "[C]an a plaintiff, having obtained a jury verdict that was subject to reduction under New Hampshire's comparative negligence statute sue a new defendant for the same injuries and damages, after the first judgment has been satisfied?" *Id.* at 945–46. The court held the issue of the amount of damages was fully litigated before and could not be relitigated. Assuming that the jury had found comparative fault in the first action, the court then went on to consider whether the jury's assessment of that fault should bind Plaintiff in the second action. *Id.*

Plaintiff first argues, as did the plaintiff in *Kathios,* that the comparative fault adjudicated in the previous negligence trial was not the same as the comparative fault that would be adjudicated in this action for strict liability. Maine's comparative negligence statute, 14 M.R.S.A. § 156 defines a plaintiff's fault which must be considered under the statute as that which would, apart from this section, give rise to the defense of contributory negligence. In *Austin v. Raybestos–Manhattan, Inc.,* 471 A.2d 280, 286 (Me.1984), the Maine Law Court held that section 156 applies to strict liability cases. The court described the plaintiff's fault that must be considered in such cases as "contributory negligence of a form commonly passing under the name of assumption of the risk, consisting in voluntarily and unreasonably proceeding to encounter a known danger." *Id.* at 286.

In the previous trial Boise Cascade pleaded assumption of the risk as an affirmative defense to Plaintiff's complaint. Defendant Colt now posits as Plaintiff's assumption of the risk the facts that he knew of the danger of the wet I-beam and had informed Boise Cascade of it, yet proceeded to step out of his truck backwards onto the beam without using his hands. In his deposition for this case, Plaintiff indeed stated that he had used the weighing scale a hundred or more times at the time he fell, and that he had notified Boise that it was dangerous to have to step on the I-beam when it was wet and slippery. The trial transcript shows, however, that the jury in the prior case did not have this evidence before it. Rather, that trial record reflects only that Plaintiff had told his foreman of the dangers of the I-beam *after* his accident. Tr. 66, 333–34. Moreover, at the earlier trial Plaintiff confirmed his prior deposition testimony that he had never had problems slipping on the scale before the accident and that he did not know of anyone else who had. Tr. 344. The issue of assumption of the risk, as now propounded by Defendant, was not litigated in the previous trial. Collateral estoppel "prevents the reopening in a second action of an issue of fact actually litigated and decided in an earlier case." *Beegan v. Schmidt,* 451 A.2d 642, 644 (Me.1982). Therefore, Plaintiff's comparative fault in regard to his strict liability claim has not been conclusively determined.[2]

**2.** Because the comparative negligence asserted here is not the same as that previously litigated, the Court need not address the more difficult prong of the *Kathios* analysis, which is whether the "controlling principles of comparative fault in a particular jurisdiction require a compari- son between a plaintiff's misconduct and that of the named defendant(s) and no one else," or whether "the jury is to determine plaintiff's causal misconduct in relation to all the world." *Kathios v. General Motors Corp.,* 862 F.2d 944,

■ Defendant also asserts that *res judicata* should bar Plaintiff's claims in this action. Under Maine law that doctrine

bars the relitigation of all issues that were tried, or may have been tried in a prior action if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters present for decision now were, or might have been, litigated in the prior action.

*Currier v. Cyr*, 570 A.2d 1205, 1208 (Me. 1990). It is clear that the doctrine is not properly applied here. In the prior case Plaintiffs sought damages against Boise Cascade based upon its negligent failure to maintain its premises in a reasonably safe condition. Stipulation, ¶ 5. The matters presented for decision here concern the design of the scale, its inherent dangerousness, and warranties made by Colt to Boise Cascade. These issues are appropriately addressed to the manufacturer of the scale, not the owner of the property where the scale is installed. Defendant Colt, the manufacturer of the scale, was not a party to the prior action. The matters now presented for decision were not and could not have been litigated in the prior action without the presence of Defendant Colt. *Currier v. Cyr*, 570 A.2d 1205, 1208 (Me. 1990).

Accordingly, it is ORDERED that Defendant's Motion for Summary Judgment be, and it is hereby, DENIED.

SO ORDERED.

949 (1st Cir.1988). The Law Court has specifically deferred a related question:

The case was presented to the jury on the theory that the fault of the deceased should be compared with the fault of each defendant separately rather than with the combined fault of the defendants jointly. No issue is raised on this appeal concerning the propriety of submitting the case to the jury on the theory that in order for the plaintiff to recover against a particular defendant the jury must find the fault of that defendant greater than that of the deceased. We therefore express no opinion as to whether that theory is in accord with our comparative fault statute. *Minott v. F.W. Cunningham & Sons*, 413 A.2d 1325, 1328 n. 3 (Me.1980).