960 F.2d 143
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jan LIGHTFOOT, Plaintiff, Appellant,
v.
TOWN OF FAIRFIELD, MAINE, Defendant, Appellee.
 No. 91-2051.
 United States Court of Appeals,
First Circuit.
 March 11, 1992
 
 Jan Lightfoot on brief pro se.
 Vernon I. Arey on brief for appellee.
 Before Torruella, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Jan Lightfoot appeals pro se from the district court's dismissal of her 42 U.S.C. § 1983 complaint against the town of Fairfield, Maine. The district court applied the principles of res judicata and gave preclusive effect to a Maine Superior Court proceeding which, the court impliedly concluded, had already decided Lightfoot's claims against the town. A recent opinion, Lightfoot v. Matthews, No. 1506 (1st Cir. Feb. 14, 1992) (Lightfoot I), delineates much of the factual background, as well as the relevant legal principles, so we can be brief, and affirm.
 
 Background
 
 2
 Lightfoot applied for a special permit to operate a homeless shelter in Fairfield. After a number of hearings the permit was denied, but that decision was later reversed. Lightfoot v. Town of Fairfield, No. CV-89-78 (Me. Super. Ct., Ken. Cty. Nov. 30, 1989). The Superior Court found that the town's refusal was based on a provision in an ordinance that was invalid because it impermissibly delegated legislative authority to the board of appeals. The permit could not issue, however, because, in the interim, the subject property had been sold.
 
 
 3
 Lightfoot then sued the town, claiming that the permit denial violated her due process rights under 28 U.S.C. § 1983, and that the language used in the text of the published motion denying the spe cial exception she had sought defamed her under the Maine Tort Claims Act, 14 M.R.S.A. § 1801, et seq. After a hearing and a review of memoranda filed by the parties, the Maine Superior Court granted the town's motion for summary judgme nt. Lightfoot v. Town of Fairfield, No. CV-90-52 (Me. Super. Ct., Som. Cty. D ec. 6, 1990). The court found the town immune from liability for defamation un der the Maine Tort Claims Act, 14 M.R.S.A. § 8103, and concluded that the § 198 3 claims premised upon a subjective expectancy of private employment, damage to reputation, and lost opportunities for private non-governmental employment did not implicate the Due Process clause. No appeal was taken to the Maine Suprem e Judicial Court.
 
 
 4
 Instead, Lightfoot filed this complaint. The town moved for summary judgment, and after opposing papers were filed by Lightfoot, the district court dismissed the suit on res judicata grounds, citing Roy v. City of Augusta, 712 F.2d 1517 (1st Cir. 1983), and Beegan v. Schmidt, 451 A.2d 642 (Me. 1982). This appeal followed.
 
 Discussion
 
 5
 As in Lightfoot I, this case is governed by the doctrine of claim preclusion. See Restatement (Second) of Judgments §
 
 
 6
 19 ("A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim.") Lightfoot I describes how Maine follows the transactional test of § 24 of the Restatement (Second) of Judgments to determine whether a second action involves the "same claim" as an earlier suit, and we do not repeat that analysis here. Under these "rules",[1] two causes of action are identical, for claim preclusion purposes, if they both evolve from "the same set of operative facts." Currier v. Cyr, 570 A.2d 1205, 1208 (Me. 1990). If Lightfoot's federal court claims involve the same unified fact set as her superior court case, then this federal court action is barred. The bar extends not only to the precise legal theories that were presented in the previous litigation between the parties, but to all theories, matters and claims that "might have been litigated" there. Id. at 1208; Federated Dept. Stores, Inc. v. Motie, 452 U.S. 394, 398 (1981); see also Burns v. Watler, 931 F.2d 140, 143 (1st Cir. 1991).
 
 
 7
 We have examined both the state court and the federal court complaints and conclude that each is premised upon the same set of basic facts. The appellant does not contend otherwise. Both complaints point to the same allegedly offending language from the document issued by the town at the time the permit was denied:
 
 
 8
 Ms. Lightfoot has not sufficiently documented
 
 
 9
 to the Board of Appeals that she has sufficient financial or organizational capabilities to staff the shelter with qualified and trained personnel, thereby exposing the neighborhood and clients of the [shelter] to possible emotional and/or physical harm.... It is the opinion of the Board of Appeals that the management and direction from a qualified Board of Directors is essential for the protection and well being of the clients as well as the citizens of Fairfield.
 
 
 10
 As in Lightfoot I, the federal complaint is more detailed, but focuses upon the same factual scenario as in the state court action: the town's actions in denying the permit. And, although somewhat muddled, both complaints involve the same theories of recovery: redress for defamation of professional reputation under state law, and for deprivation without due process of the right to do the work of one's choice under § 1983. Despite Lightfoot's various legal labels: e.g., procedural, essential or substantive due process; liberty or property interests, both complaints clearly "grow[ ] out of" the same underlying factual basis. Isaac v. Schwartz, 706 F.2d 15, 17 (1st Cir. 1983). Lightfoot's contentions on appeal that it would be "unfair" to apply res judicata since she seeks to "clear her name" and restore her reputation cannot revive her extinguished claims. See, e.g., Restatement (Second) of Judgments § 26 (exceptions to the general rule); Rose v. Town of Harwich, 778 F.2d 77, 82 (1st Cir. 1985). The opportunity to vindicate her position was foreclosed when she opted not to app eal from the decision of the superior court.
 
 
 11
 [T]he res judicata consequences of a final, unappealed judgment on the merits[are not]altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.... 'A judgment merely voidable because based upon a n erroneous view of the law is not open to collateral attack, but can be correc ted only by a direct review and not by bringing another action upon the same ca use of action.'
 
 
 12
 Federated Dept. Stores, Inc., 452 U.S. at 398 (quoting Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 325 (1927)) (other citations omitted).
 
 Conclusion
 
 13
 We have no difficulty in finding that the doctrine of res judicata applies, and conclude that the Maine courts would give preclusive effect to the superior court judgment in favor of the town of Fairfield, which is final and conclusive as to claims presented in this complaint.
 
 
 14
 The judgment of the district court is affirmed.
 
 
 
 [1]
 It is not disputed that the same parties are involved in both actions, or that a valid, final judgment was entered in the first suit. Currier v. Cyr, 570 A.2d 1205, 1208 (Me. 1990)