959 F.2d 230
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Isabelle CARTA, Plaintiff, Appellant,
v.
TOWN of Fairfield, ey al., Defendants, Appellees.
 No. 91-2248.
 United States Court of Appeals,
First Circuit.
 April 8, 1992
 
 Isabelle Carta on brief pro se.
 Vernon I. Arey and Wheeler & Arey, P.A., on brief for appellees.
 Before Torruella, Circuit Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 This is our second occasion to revisit the actions of the Town of Fairfield (the "town") which, on April 5, 1989, denied a special permit to a non-profit entity, Hospitality House, to operate a homeless shelter in the town. In Lightfoot v. Matthews, No. 91-1506, slip op. (1st Cir. Feb. 14, 1992) (Lightfoot I ), we affirmed the dismissal of the shelter director's complaint against a state senator whose letter to the town about the permit application was alleged to be defamatory. In Lightfoot v. Town of Fairfield, No. 91-2051, slip op. (1st Cir. Mar. 11, 1992) (Fairfield I ), we affirmed the dismissal of the director's suit against the town for alleged defamation and violations of due process in denying the permit. Isabella Carta[1] was a member of the shelter's Board of Directors at the time of the permit denial, and subsequently filed this pro se complaint under 42 U.S.C. § 1983. It alleged, in remarkably similar fashion to the contentions in Fairfield I, that the town had defamed her and violated her rights to due process in withholding the requested permit. The district court found that plaintiff's prior state-court complaint against the town barred this suit, and dismissed the complaint. Since this case closely parallels our two prior related decisions, ante, we affirm, and state only those facts necessary to our decision on appeal.
 
 Background
 
 2
 After the denial of the shelter permit, Carta filed a complaint against the town in Maine's Superior Court seeking redress, first, under 42 U.S.C. § 1983 for the town's alleged unconstitutional actions in denying the permit, and, second, for asserted defamation to her business reputation. The latter contention was supported by quoted portions of the published statement issued by the town's Board of Appeals at the time of the denial on April 5, 1989:
 
 
 3
 [T]he shelter ... could change the character of a neighborhood to such a degree that the peaceful enjoyment of the residents could be adversely affected.... [It was] not sufficiently documented [that there were] ... financial or organizational capabilities to staff the shelter.... It is the opinion of the Board of Appeals that a lack of management and direction from a qualified Board is essential for the protection and well being of the clients as well as the citizens of Fairfield.
 
 
 4
 The Superior Court, in a summary order, granted the defendant's motion to dismiss on the basis that Carta's complaint failed to state a claim upon which relief may be granted. Carta v. Town of Fairfield, No. CV-90-66 (Me. Super. Ct., Som. Cty. Feb. 5, 1990). The order was not appealed to the Maine Supreme Judicial Court.
 
 
 5
 Some fourteen months later Carta filed this complaint. Focusing upon the April 5, 1989 actions of the Board of Appeals in refusing to grant the shelter permit, the complaint alleged that the Board's hearing procedures resulted in findings which deprived her of her right to enjoy a good business reputation without due process. The injury to her reputation, she claimed, arose out of the town's false and defamatory public statements at the time of the denial.
 
 
 6
 After discovery, the town moved for summary judgment on the ground, inter alia, that the complaint was barred under the doctrine of res judicata because of the preclusive effect of the prior Maine Superior Court judgment. Both complaints, the town argued, arose out of the same set of operative facts and identified exactly the same alleged defamatory language. As to parties, the town noted that while the "Town of Fairfield" was the only named defendant in the state-court action, the caption of the federal complaint included the town "and Individually Each Member of the 1989 Board of Appeals, Fairfield Maine." The town's "Statement of Uncontested Material Facts", filed in support of summary judgment, asserted that "the plaintiff failed to achieve service on any named defendant in this lawsuit except ... [the] Town Manager for the Town of Fairfield." The town contended that the individual members of the Board of Appeals who were neither named nor served were subject to automatic dismissal under Fed. R. Civ. P. 4(j). Alternatively, the town contended that the Board members were privies with the town.
 
 
 7
 Carta's opposition to summary judgment countered that the parties here are different, and that res judicata did not apply. Carta maintained that a summons sent to the town's Code Enforcement Officer had included the names of the relevant board members, but it was conceded that "only the Town Manager acknowledged receipt of the summons and complaint", presumably on behalf of the town. No reason was given as to why service had not been accomplished as to any other person. Apparently Carta believed that since the Board members were known to the town they did not need to be served.
 
 
 8
 In reply to this opposition, the town stated that the Code Enforcement Officer was not a member of the Board of Appeals at the time in question, that no return of service was made as to him, and that Carta had failed to achieve service of process on any other "defendant". Consequently, the town posited, the record failed to establish that the parties now are any different than those in the state-court case, making the application of res judicata proper.
 
 
 9
 The district court granted the town's motion for summary judgment, and entered judgment for "defendants Town of Fairfield and the 1989 Board of Appeals." The court agreed that Maine law regarding res judicata applied and that Carta's complaint must be dismissed as an attempt to relitigate " 'issues that were tried, or may have been tried, in a prior action if: (1) the same parties or their privies are involved in both actions; (2) a final judgment was entered in the prior action; and (3) the matters presented for decision now were, or might have been, litigated in the prior action' ", citing Currier v. Cyr, 570 A.2d 1205, 1208 (Me. 1990).
 
 
 10
 As to the first element, the court found that Carta's claims that this action implicated different parties was "without factual support", and concluded that the complaint involved the same parties as the state-court case. As to the second and third elements, the court determined that the prior dismissal for failure to state a claim was an adjudication on the merits, and that the present complaint clearly arose out of the same set of "operative facts" as the prior action. So finding, the court decided that "the dismissal of Carta's state-court action is res judicata as to the present claims against the Fairfield defendants", and granted the town's motion for summary judgment. This appeal ensued.
 
 Discussion
 
 11
 In Lightfoot I and Fairfield I, we applied the doctrine of res judicata and claim preclusion, and do not repeat that discussion here. The district court correctly stated the Maine "rules" in that regard. First, there is no serious dispute that a valid, final judgment was entered in the first suit.[2]
 
 
 12
 Second, we have compared this complaint with the prior state-court complaint and agree that under Maine's transactional test both embrace the same cause of action. Currier, 570 A.2d at 1208. We note some difficulty, however, regarding the third requirement in light of the entry of summary judgment in favor of the town and the 1989 Board of Appeals. The district court acknowledged that the doctrine of res judicata, under Maine law, contemplates that a cause of action may not be relitigated when a prior suit involved the same parties or their privies, and it made an express finding that "the present action against the Fairfield defendants involves the same parties as the state court case." It is undisputed that only Carta and the town were parties to the prior state action. As it does not appear that the individual members of the 1989 Board of Appeals of the town were ever made a party to the present action,[3] and because Fed. R. Civ. P. 4(j) mandates that, except for good cause shown for failure to serve process, "the action shall be dismissed as to that defendant without prejudice", we examine the record to determine whether these individuals otherwise submitted themselves to the jurisdiction of the court. See Insurance Corp. of Ireland v. Compagnie Des Bauxites, 456 U.S. 694, 703-05 (1982).
 
 
 13
 It is elementary that without personal jurisdiction, a court is without power to adjudicate a claim or obligation of a person, and any judgment or order so rendered is null and void. General Contracting & Trading Co. v. Interpole Inc., 899 F.2d 109, 114 (1st Cir. 1990). Ordinarily, "one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." Hansberry v. Lee, 311 U.S. 32, 40 (1940) (citations omitted). This has been the "consistent constitutional rule." Zenith Radio Corp. v. Hazeltine, 395 U.S. 100, 110 (1969); Martin v. Wilks, 490 U.S. 755, 761-62 (1989). Obviously, this principle has greater force when an individual's interests are adversely affected by a judgment, but is of equal effect as to judgments in favor of individuals who are de facto "strangers" to the proceedings.[4] See id . at 762; Northwestern National Casualty Co. v. Global Moving & Storage, Inc., 533 F.2d 320, 323 (6th Cir. 1976) ("[T]he trial court erred in entering judgment in favor of [a "defendant"] before determining that it had the requisite personal jurisdiction.")
 
 
 14
 Our examination of the record leads us to conclude that the town never relinquished the right to contest personal jurisdiction as to the individual Board members. The issue was raised in its answer, the first pleading it filed, which seasonably interposed the jurisdictional defenses of insufficiency of process and insufficiency of service of process. Jardines Bacata, Ltd. v. Diaz-Marquez, 878 F.2d 1555, 1559 (1st Cir. 1989); see also Roque v. United States, 857 F.2d 20, 21-22 (1st Cir. 1988). Lack of service over the individual Board members was also a basis of the town's motion for summary judgment. There, as before this court, the town argued that the failure to serve was dispositive as to the Board members and that any claims against them were subject to dismissal under Rule 4(j). Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 615 (1st Cir. 1988). We do not perceive any litigation conduct by the town that either expressly or by implication indicated an intent to surrender the jurisdictional objection. See General Contracting & Trading v. Interpole, Inc., 940 F.2d 20, 22-23 (1st Cir. 1991) (defendant's conduct constituted waiver). Waiver, to be effective, "must unequivocally show an intention to submit to the district court's jurisdiction." Jardines Bacata, 878 F.2d at 1559. Without a showing of good cause for failure to effect service of process on the part of the plaintiff, or a clear jurisdictional waiver on the part of the town as to the Board members, the district court had no personal jurisdiction over the unnamed and unserved individual Board members. The complaint should, therefore, have been dismissed as to those individuals. Fed. R. Civ. P. 4(j); see also Glaros v. Perse, 628 F.2d 679, 685 (1st Cir. 1980); Fed. R. Civ. P. 10(a).
 
 Conclusion
 
 15
 Accordingly, the judgment of the district court is affirmed as to the Town of Fairfield, is vacated as to the 1989 Board of Appeals, and the case is remanded to the district court with instructions to enter an order dismissing the complaint as to the 1989 Board of Appeals for failure to comply with Fed. R. Civ. P. 4(j).
 
 
 16
 Affirmed in part, vacated in part and remanded.
 
 
 
 [1]
 Carta, it appears, is director Lightfoot's mother
 
 
 [2]
 Carta has argued that the state-court dismissal was "wrong", and that she was foreclosed from presenting various factual issues at trial. As we observed in Fairfield I, however, Carta lost the opportunity to vindicate her position when she decided not to bring a direct appeal from the statecourt dismissal. She cannot "correct" the state-court dismissal by again bringing the same cause of action. See Federated Dept. Stores, Inc. v. Motie, 452 U.S. 394, 398 (1981)
 
 
 [3]
 In this case it is clear that Carta, for whatever reasons, did not comply with the requirements of Fed. R. Civ. P. 4, and thus failed to properly effect, or attempt, service on the individual members of the 1989 Board. See Rule 4(c)(2)(C)(ii). Nothing in the record approximates a "good cause" showing to mitigate this failure. Rule 4(j). Carta's pro se status does not insulate her from compliance with this (or any other) procedural rule. See, e.g., Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Patterson v. Brady, 131 F.R.D. 679, 683 n.4 (S.D. Ind. 1990). Nor did Carta name or otherwise allege any facts as to the individual Board members, either in the body of the complaint (which consistently refers to "the" defendant, the Town of Fairfield), or in any other filed document. The unacknowledged summons to the Code EnforcementOfficer, which did name the Board members, even if it gave actual notice to those individuals, would not cure the deficit created by Carta's failure to effect proper service. Media Duplication Services v. HDG Software, Inc., 928 F.2d 1228, 1232-35 (1st Cir. 1991)
 
 
 [4]
 While "representative" suits are a recognized exception to the general rule, Martin v. Wilks, 490 U.S. at 762 n.2 (1989), we do not find the town's alternative and cursory argument (that the unnamed and unserved Board members were privies with the town for res judicata purposes) availing since even if privity exists-a question we do not decide-to the extent that Carta sought to sue the Board members in their personal and individual capacity, they are not in privity with the town. Gray v. Lacke, 885 F.2d 399, 405-06 (7th Cir. 1989)