USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2047  JAMES BENJAMIN, JR., M.D., Plaintiff, Appellant, v. THE AROOSTOOK MEDICAL CENTER, INC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ James Benjamin, Jr., M.D. on brief pro se. _________________________ Christopher D. Nyhan, Penny Littell, and Preti, Flaherty, _______________________ ______________ _________________ Beliveau & Pachios, LLC on brief for appellees. _______________________ ____________________ May 9, 1997 ____________________ Per Curiam. Appellant James Benjamin, Jr., M.D. __________ appeals from the decision of the district court granting summary judgment to appellees, The Aroostook Medical Center ("TAMC") and various physicians associated with TAMC. After carefully reviewing the record and the parties' briefs, we affirm the district court's judgment for essentially the reasons stated in its published opinion reported at Benjamin ________ v. Aroostook Med. Ctr., 937 F.Supp. 957 (D.Me. 1996). We add ___________________ the following comments. 1. Appellant's claim that the individual appellees conspired to restrain trade in violation of 15 U.S.C. 1 is analyzed under the "rule of reason." See Flegel v. Christian ___ ______ _________ Hosp., Northeast-Northwest, 4 F.3d 682, 686 (8th Cir. 1993) __________________________ (the courts of appeals usually review the denial or revocation of hospital privileges, especially in cases involving individual determinations of incompetence, under the rule of reason) (citing cases). We agree that the appellant did not make any showing of harm to competition, either directly or by reasonable inference. Thus, summary judgment was appropriate. See Rebel Oil Co. v. Atlantic ___ ______________ ________ Richfield Co., 51 F.3d 1421, 1435 (9th Cir.), cert. denied, _____________ ____________ 116 S.Ct. 515 (1995). 2. Because the facts upon which appellant bases his claim of discrimination concerning his contract with TAMC occurred after 1991, the claim is cognizable under 42 U.S.C. -2- 1981. See 1981(b). After reviewing the record and ___ appellant's arguments on appeal, however, we find that appellant has failed to show that TAMC intentionally discriminated against him based on his race. See Ayala- ___ ______ Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. ______ ________________________ 1996).  3. Appellant's claim of malicious abuse of process is barred by the doctrine of res judicata. Under Maine law, res judicata bars the relitigation of issues that were, or could have been, decided in a prior case if: "(1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters present for decision now were, or might have been, litigated in the prior action." Currier v. Cyr, 570 _______ ___ A.2d 1205, 1208 (Me. 1990). In 1996, the Maine Supreme Judicial Court, on appeal from a lower court's decision adverse to appellant, held that TAMC was immune from appellant's state law tort claims concerning the peer review process. Benjamin v. ________ Aroostook Medical Ctr., Law Docket No. Aro-95-569 (Me. ________________________ November 14, 1996). In so holding, the court relied on the federal Health Care Quality Improvement Act, 42 U.S.C.  11101-11152, and the state Health Security Act, 24 M.R.S.A. 2501-2511. Appellant's claim in the case at hand, although not precisely articulated, also centers on the peer -3- review process -- i.e., the filing by TAMC of allegedly false reports with the National Practitioner Data Bank and the Maine State Medical Board. Res judicata applies to the case at hand because the parties to both the state and federal actions are the same and the Supreme Judicial Court's decision is a valid final judgment. Further, there is no reason why appellant could not have litigated in the state action the claim he now presents. The fact that the state action was premised on state tort law while the federal case was based on the Constitution does not matter. Currier, 570 A.2d at 1205. _______ For the foregoing reasons, the judgment of the district court is affirmed. ________ -4-