Dr. George PHOTIAS, Plaintiff,

v.

Dr. Stephen GRAHAM, Defendant.

No. CIV. 98–70–B.

United States District Court,
D. Maine.

July 30, 1998.

David J. Van Dyke, Berman & Simmons, P.A., Lewiston, ME, for Plaintiff.

James M. Bowie, Thompson & Bowie, Portland, ME, for Defendant.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

Plaintiff, Dr. George Photias, brings this action against Defendant, Dr. Stephen Graham, asserting claims for negligence/gross negligence and recklessness (Count I), defamation (Count II), negligent and intentional infliction of emotional distress (Counts III and IV), fraud (Count V), intentional interference with beneficial contractual relationship (Count VI), and punitive damages (Count VII). Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant seeks to dismiss Plaintiff's First Amended Complaint ("Complaint"), on the grounds that Plaintiff's suit is barred by the doctrine of res judicata, and that the individual counts fail to state a claim for which relief may be granted. For the reasons set forth below, Defendant's motion is granted in part, and denied in part.

## I. BACKGROUND

Because both parties have directed the Court's attention to matters outside the pleadings in connection with Defendant's res judicata argument and the Court has relied upon these matters in reaching its decision, the Court treats the res judicata portion of Defendant's motion as a Motion for Summary Judgment. Fed.R.Civ.P. 12(b) and 56; see also 5A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1366, at 491 (2d ed.1990) (the Court "has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion"). The Court treats the remainder of Defendant's motion, however, as a Motion to Dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

In December, 1992, Plaintiff entered into a contract with the Downeast Community Hospital (the "Hospital"), to provide gynecological and obstetrical services in the Town of Machias, Maine. Pursuant to this contract, the Hospital was to assist Plaintiff in the start-up of his gynecological and obstetrical practice, guarantee Plaintiff a minimum weekly and yearly income, and provide Plaintiff with, or reimburse him for, office space.

When Plaintiff began working at the Hospital in the spring of 1993, Plaintiff shared office space with Defendant, who was also a member of the medical staff at the Hospital. Plaintiff alleges that Defendant, together with his agents and employees, made various false misrepresentations to the Hospital and others, with the intention of making Plaintiff appear in a disfavorable light. Such misrepresentations included the following: falsely advising patients and the Hospital that Plaintiff was not accepting patients or not accepting certain types of patients; falsely and fraudulently misbilling Plaintiff's patients in an untimely manner so as to cause the Hospital to pay more of its guarantee than it should have, thereby creating the impression that Plaintiff was either not working or was not working enough; falsely representing to others that it would take weeks to schedule an appointment with Plaintiff, that Plaintiff frequently canceled his appointments, or that Plaintiff turned patients away from the wait-

ing room; falsely and fraudulently mischeduling gynecological patients for Plaintiff; and falsely representing that Plaintiff had decided to discontinue his gynecological practice.

For the purposes of analyzing Defendant's res judicata argument, the following additional facts gleaned from the parties memoranda and materials outside of the pleadings are also relevant. The Hospital terminated Plaintiff's contract in the summer of 1993. In October, 1993, Plaintiff instituted an action against the Hospital in Maine Superior Court, Washington County, claiming that the Hospital had breached his employment contract. The Hospital counterclaimed against Plaintiff, alleging that Plaintiff himself had breached the employment contract. During the course of litigation, Plaintiff attempted to amend his complaint to include Dr. Graham as a defendant, and to add a third-party complaint against Dr. Graham for contribution and/or indemnification, should Plaintiff be found to be liable to the Hospital for breach of contract. The Superior Court rejected Plaintiff's attempt to amend his complaint as untimely, but allowed the third-party complaint against Dr. Graham to proceed.

Dr. Graham next moved for summary judgment on the third-party complaint; however, the Superior Court denied this motion and allowed the case to go to trial. At the conclusion of the evidence, the Superior Court granted Dr. Graham's motion for a directed verdict on the third-party complaint, finding that under the particular circumstances of the case, Plaintiff could not bring a contribution action against a third party. In its discussions with counsel, the court made clear that its ruling on the directed verdict did not affect whether or not Plaintiff could later bring a tort claim against Dr. Graham in a separate action. The jury ultimately returned a verdict in favor of Plaintiff.

## II. DISCUSSION

### 1. Res Judicata

#### A. Summary Judgment

Summary judgment is appropriate in the absence of a genuine issue of any material fact and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is genuine for summary judgment purposes, if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact is one that has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v.. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir.1993). Facts may be drawn from "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." Fed. R.Civ.P. 56(c).

#### B. Res Judicata

Defendant contends that all of the issues raised by Plaintiff in this action either were, or could have been litigated in the state court proceedings between Plaintiff and the Hospital, *Photias v. Down East Community Hospital,* CV–93–98, in which Defendant was a third-party defendant. Defendant argues, therefore, that Plaintiff's Complaint should be dismissed in its entirety because each of the claims is barred by the doctrine of res judicata. Alternatively, if the Court declines to dismiss the entire Complaint, Defendant contends that res judicata precludes Plaintiff from bringing a claim against Defendant for tortious interference with contract (Count VI).

"Justified by concerns of judicial economy, the stability of final judgments, and fairness to litigants, the doctrine of res judicata bars the relitigation in a present action of all issues that were tried, or may have been tried, in a prior action if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters present for decision now were, or might have been, litigated in the prior action." *Currier v. Cyr,* 570 A.2d 1205, 1208 (Me.1990). In order to determine whether the matters presented in the current action "were, or might have been" litigated in a prior suit, the Court examines "whether the same 'cause of action' was before the court in the prior case." *Id.*

The res judicata determination is a question of law. *Id.* at 1207–08.

■ Based on materials from the state court proceedings presented to the Court by the parties,[1] the Court is persuaded that the doctrine of res judicata does not preclude Plaintiff from bringing any of the claims in his Complaint. With respect to each of Plaintiff's claims except for his claim for tortious interference with contract, Plaintiff persuasively argues that these claims were never, nor could they have been, asserted in the state court action given that the Superior Court rejected Plaintiff's attempt to amend his state court complaint to include direct claims against Dr. Graham as untimely. Moreover, in denying Plaintiff's motion to amend, the Superior Court specifically raised the possibility that Plaintiff might bring a separate action against Dr. Graham in another court so long as the applicable statutes of limitations had not run. Plaintiff never litigated these claims against Defendant in the prior proceeding, and, certainly, no valid final judgment was ever entered with respect to these claims. Thus, the Court finds that res judicata poses no bar to Plaintiff's claims in Counts I–V and VII.

■ Because the Superior Court did allow Plaintiff to bring a third-party complaint against Defendant for contribution and/or indemnification in the event Plaintiff was found liable on the Hospital's counterclaim for breach of contract, the res judicata analysis with respect to Plaintiff's claim for tortious interference with contract is somewhat more complicated. Defendant argues that in rejecting his motion for summary judgment the Superior Court noted that tort aspects of the case remained as between Dr. Graham and Plaintiff. The court focused on the fact that the language in the third-party complaint incorporated the language of the amended complaint, in which Plaintiff asserted a cause of action in tort against Dr. Graham. Plaintiff responds that the Superior Court, in the same order, reiterated Dr. Photias' right to bring a separate action against Dr. Graham.

The Court need not interpret the Superior Court's order rejecting Dr. Graham's motion for summary judgment, however, because even if Defendant is correct that a "tort aspect" remained in the state court litigation, in granting a directed verdict in Dr. Graham's favor at the close of evidence the Superior Court made clear that its ruling was based on the particular posture of the third-party claim. Specifically, the transcript of the proceedings contains the following exchange:

> Mr. Robitzek: But I guess specifically what I understand you're finding is that in a contract claim there is no way to have a contribution claim.
>
> The Court: Not in all contract claims. But the breaching party cannot bring a contribution action against a third party.
>
> Mr. Robitzek: Okay. And you're specifically not deciding whether the—whether Dr. Photias can bring a—
>
> The Court: Absolutely—
>
> Mr. Robitzek:—tort claim?
>
> The Court:—not.
>
> Mr. Robitzek: A tort claim.
>
> The Court: Absolutely not.
>
> Mr. Robitzek: Okay.

This exchange indicates that the Superior Court entered a verdict in favor of Dr. Graham on the third-party contribution claim, thereby removing him from the case, not because of the merits of his claim, but because of the court's view that it did not make sense for a breaching party to bring a contribution action against a third party, alleging tortious interference with contract. The Superior Court expressly left open the possibility that Dr. Photias might later bring tort claims directly against Dr. Graham. Accordingly, the Court is satisfied that the Superior Court's ruling on the directed verdict did not serve as a final judgment on the merits for the purposes of res judicata, and that Plain-

---

1. These materials include Plaintiff's amended complaint and third-party complaint in the state court action, the Superior Court's order rejecting Plaintiff's motion to amend his complaint but allowing the third-party complaint against Dr. Graham, the Superior Court's denial of third-party defendant Graham's motion for summary judgment, and a transcript of the Superior Court proceedings, in which the court indicated that it would grant third-party defendant Graham's motion for a directed verdict.

tiff is not precluded from bringing his tortious interference with contract claim (Count VI) in the current action. *See Dutil v. Burns,* 687 A.2d 639, 641 (Me.1997) (dismissal because of procedural defects such as insufficient service of process or lack of subject matter jurisdiction does not constitute an adjudication on the merits for res judicata purposes). Because the Court finds that res judicata poses no bar to any of Plaintiff's claims, the Court denies Defendant's Motion for Summary Judgment.

**2. Motion to Dismiss**

Plaintiff concedes that his claim for defamation (Count II) is time-barred. *See* 14 M.R.S.A. § 753. Defendant concedes that Plaintiff's Complaint states a claim for intentional interference with beneficial contractual relationship through fraud (Count VI) sufficient to withstand a motion to dismiss. The Court, therefore, need only determine whether Plaintiff's remaining claims for negligence (Count I), negligent infliction of emotional distress (Count III), intentional infliction of emotional distress (Count IV), fraud (Count V), and punitive damages (Count VII), are sufficient to withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

**A. Standard of Review**

In assessing a Motion to Dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6) the Court takes all of Plaintiff's factual averments as true and indulges every reasonable inference in Plaintiff's favor. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). The Court may grant Defendant's Motion to Dismiss "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir. 1990).

**B. Negligence and Negligent Infliction of Emotional Distress**

■ In Count I, Plaintiff asserts a claim for negligence and/or gross negligence and recklessness. In order to prevail on a claim for negligence, Plaintiff must prove: (1) a duty owed Plaintiff by Defendant; (2) Defendant's breach of that duty; and (3) injury to Plaintiff from the breach. *Parker v. Harriman,* 516 A.2d 549, 550 (Me.1986). In Count III, Plaintiff alleges that Defendant's negligent conduct caused him severe emotional distress. In order to prove a claim for negligent infliction of emotional distress, Plaintiff must show that: (1) Defendant was negligent; (2) Plaintiff suffered emotional distress that was a reasonably foreseeable result of Defendant's negligent conduct; (3) and Plaintiff suffered severe emotional distress as a result of Defendant's negligence. *Braverman v. Penobscot Shoe Co.,* 859 F.Supp. 596, 607 (D.Me.1994) (citing *Bolton v. Caine,* 584 A.2d 615, 617–18 (Me.1990)). Defendant contends that both of these claims should be dismissed because the relationship between Plaintiff and Defendant did not give rise to any "duty" as a matter of law.

■ The existence of a duty is a question of law for decision by the Court. *Fish v. Paul,* 574 A.2d 1365, 1366 (Me.1990); *Trusiani v. Cumberland and York Distributors, Inc.,* 538 A.2d 258, 261 (Me.1988). As the Maine Supreme Judicial Court has observed:

> Duty involves the question of "whether the defendant is under any obligation for the benefit of the particular plaintiff." Where a court imposes a duty in a negligence case, "the duty is always the same—to conform to the legal standard of reasonable conduct in the light of the apparent risk." W.P. Keeton, Prosser and Keeton on Torts § 53 at 359 (5th ed. 1984).... "In the decision of whether or not there is a duty, many factors interplay: the hand of history, our ideals of morals and justice, the convenience of administration of the rule, and our social ideas as to where the loss should fall...." Prosser, Palsgraf Revisited, 52 Mich. L.Rev. 1, 15 (1953).

*Trusiani,* 538 A.2d at 261.

■ The Court is satisfied that Plaintiff's claims for negligence and negligent infliction of emotional distress should not be dismissed at this stage of the proceedings. Plaintiff alleges that both he and Defendant provided physician services to the Hospital, that Dr. Graham had direct contact with Plaintiff's patients, and that Dr. Graham used this contact to Plaintiff's detriment. Defendant acknowledges in his memoranda that the two

physicians practiced the same medical specialty and shared office space for a period of time. On the basis of these minimal facts, and drawing all reasonable inferences from Plaintiff's Complaint in his favor, the Court is unwilling to decide as a matter of law that Defendant was under no duty to use reasonable care in his interactions with Plaintiff. Because an informed "duty" analysis depends on a variety of factors, and additional evidence concerning the relationship between the two physicians will aid the Court in making this determination, the Court denies Defendant's Motion to Dismiss Counts I and III for failure to state a claim.

### C. Intentional Infliction of Emotional Distress

In Count IV, Plaintiff asserts a claim for intentional infliction of emotional distress. Intentional infliction of emotional distress requires proof of: (1) intentional or reckless conduct which inflicts severe emotional suffering or would be substantially certain to result in such suffering; (2) conduct so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable; (3) Defendant's conduct must cause Plaintiff emotional suffering; and (4) Plaintiff's emotional suffering must be severe so that no reasonable person could be expected to endure it. *Braverman*, 859 F.Supp. at 607 (citing *Latremore v. Latremore*, 584 A.2d 626, 631 (Me.1990); *Vicnire v. Ford Motor Credit Co.*, 401 A.2d 148, 154 (Me.1979)). The Court is satisfied that Plaintiff's Complaint sufficiently alleges the necessary elements of a cause of action for intentional infliction of emotional distress and that Defendant has failed to demonstrate that Plaintiff would not be entitled to relief under any set of facts he might prove in support of his claim. The Court, therefore, denies Defendant's Motion to Dismiss Count IV.

### D. Fraud

In Count V, Plaintiff asserts a claim for fraud. Common law fraud requires: (1) a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act in reliance upon it, and (5) Plaintiff justifiably relies upon the representation as true and acts upon it to his damage. *Diversified Foods, Inc. v. First National Bank of Boston*, 605 A.2d 609, 615 (Me.1992) (citing *Butler v. Poulin* 500 A.2d 257, 260 (Me.1985)). Plaintiff must prove each of above mentioned elements by clear and convincing evidence. *Wildes v. Ocean Nat'l Bank of Kennebunk*, 498 A.2d 601, 602 (Me.1985).

Defendant contends that Plaintiff's claim for fraud must fail because Plaintiff cannot justifiably rely on false statements about himself. The Court agrees. The false statements Plaintiff alleges that he relied upon include:

> the false advising to patients that Dr. Photias was not accepting patients and certain types of patients; the false indications to the Downeast Community Hospital that Dr. Photias was not accepting patients and certain types of patients; false and fraudulent misbilling of Dr. Photias' patients in an untimely manner so as to cause the Downeast Community Hospital to have to pay more of its guarantee that it should have and thereby created the impression that Dr. Photias was either not working or was not working enough; false representations that Dr. Photias frequently canceled his patients or turned away patients from the waiting room or that it would take weeks to schedule an appointment with Dr. Photias or that Dr. Photias would not see a particular patient; false and fraudulent mischeduling of gynecological patients for Dr. Photias; false representations that Dr. Photias had decided to discontinue his gynecological practice; and other false and inaccurate misrepresentations and statements calculated and intended to made [sic] Dr. Photias appear in a disfavorable light to patients and potential patients, the said Downeast Community Hospital, the Machias community and otherwise.

Complaint ¶ 34. Each of these statements is a statement about Plaintiff, which Plaintiff would know to be false. Plaintiff may not justifiably rely on a fraudulent misrepresentation "if he knows it is false or its falsity is obvious to him." *Letellier v. Small*, 400 A.2d

371, 376 (Me.1979) (quoting Restatement (Second) of Torts § 541 (1977)). Indeed, "[t]he recipient of a fraudulent misrepresentation may not rely upon 'a pretense of inherent absurdity and incredibility, upon mere idle talk, or upon a device so shadowy as not to be capable of imposing upon anyone.'" *Id.* (quoting *Eastern Trust & Banking Co. v. Cunningham,* 103 Me. 455, 465, 70 A. 17 (1908)). The essence of Plaintiff's allegations is not that Plaintiff believed Defendant's representations were true and relied upon them, but that others relied on Defendant's false representations to Plaintiff's detriment. In analyzing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) the Court need not credit a plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like ...." *Aulson,* 83 F.3d at 3. Despite Plaintiff's assertions that he relied upon the false representations set forth in ¶ 34 of the Complaint, therefore, the Court is satisfied that Count V fails to state a valid claim for fraud.

In his Opposition to Defendant's Motion to Dismiss, Plaintiff raises the possibility that Defendant, together with his agents and employees, made additional fraudulent misrepresentations to him which might support a claim for fraud, including "fraudulent misrepresentations made to him [Dr. Photias] at the inception of his relationship with Dr. Graham, and fraudulent misrepresentations made to him denying the conduct alleged at ¶ 34 of the Amended Complaint." Pl. Dr. George Photias' Opp. at 16. The specifics of these allegations, however, are not contained in the Complaint. Fed.R.Civ.P. 9(b) "imposes heightened pleading requirements for allegations of fraud," requiring a plaintiff to plead fraud with particularity. *Lucia v. Prospect Street High Income Portfolio, Inc.,* 36 F.3d 170, 174 (1st Cir.1994). Because Plaintiff has not set forth these additional misrepresentations which may give rise to a valid claim for fraud with the requisite particularity, and has requested leave to amend his Complaint to do so, the Court grants Plaintiff's request to amend.

### E. Malice

Finally, Plaintiff seeks to recover punitive damages. Under Maine law, a plaintiff may only recover punitive damages "if he can prove by clear and convincing evidence that the defendant acted with malice." *Tuttle v. Raymond,* 494 A.2d 1353, 1363 (Me.1985). A plaintiff can satisfy the requirement of malice by showing either that the defendant acted with "actual" malice, or by establishing "implied" malice. *Id.* at 1361. Implied malice exists "where deliberate conduct by the defendant, although motivated by something other than ill will toward any particular party, is so outrageous that malice toward a person injured as a result of that conduct can be implied." *Id.* Plaintiff has alleged malice sufficient to state a valid claim for punitive damages. The Court, accordingly, denies Defendant's motion to dismiss Count VII.

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Defendant's Motion for Summary Judgment on the basis of res judicata, and DENIES Defendant's Motion to Dismiss Counts I, III, IV, VI, and VII. The Court GRANTS Defendant's Motion to Dismiss Counts II and V, but will allow Plaintiff leave to amend his Complaint with respect to Count V.

*SO ORDERED.*