Lewis v. Textron                    CV-98-328-JD   10/26/98

UNITED STATES DISTRICT COURT FOR THE
                           DISTRICT OF NEW HAMPSHIRE


Allan Lewis

        v.                              Civil No. 98-328-JD

Textron Automotive Company


                            O R D E R


        Plaintiff, Allan Lewis, appearing pro se, brings a second
suit challenging certain employment actions by his former
employer, Textron Automotive Company, as violations of the Worker
Adjustment and Retraining Notification Act ("WARN Act"), 29
U.S.C.A. § 2101-2109 (West Supp. 1998).  Defendant moves to
dismiss (document no. 46) on alternative grounds that plaintiff's
suit is barred by the doctrine of res judicata, or that its
actions were not governed by the WARN Act.


                           Discussion

        Defendant has submitted materials beyond the pleadings in
support of its motion to dismiss.  Because the court resolves the
motion on res judicata grounds, the only materials, beyond the
pleadings filed in this case, that are necessary to the court's
decision are pleadings and orders in plaintiff's previous suit in
this court.  As plaintiff also refers to, relies on, and does not
contest the accuracy of the same previous pleadings and orders,

to the limited extent necessary, defendant's motion is converted
to one for summary judgment pursuant to Federal Rule of Civil
Procedure 56(c).  See Maldonado v. Dominguez, 137 F.3d 1, 5 (1st
Cir. 1998) (conversion without notice appropriate when opposing
party received materials, had opportunity to respond, and has not
contested accuracy); Photias v. Graham, No. 98-70, 1998 WL 461883
at *1 (D. Me. July 30, 1998) (converting portion of motion to
dismiss pertaining to res judicata to summary judgment where both
parties drew court's attention to matters outside the pleadings);
see also Clark v. Amoco Production, Co., 794 F.2d 967, 972 (5th
Cir. 1986) (consideration of pleadings and orders from prior suit
for purposes of res judicata analysis are materials beyond the
pleadings of the present suit).

Summary judgment is appropriate when the record shows that
no genuine issue of material fact exists and that the moving
party is entitled to judgment as a matter of law.  See Fed. R.
Civ. P. 56(c); Porn v. National Grange Mut. Ins. Co., 93 F.3d 31,
33 (1st Cir. 1996).  The preclusive effect of a previous federal
court judgment is governed by federal res judicata principles.
Id. at 33-34.  Federal res judicata is comprised of the following
elements:  "(1) a final judgment on the merits in an earlier
suit, (2) sufficient identicality between the causes of action
asserted in the earlier and later suits, and (3) sufficient

2

identicality between the parties in the two suits." Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir. 1994); accord Massachusetts School of Law v. American Bar, 142 F.3d 26, 37 (1st Cir. 1998).

Both plaintiff's present suit and his previous suit allege that defendant violated the notice requirements of the WARN Act. The Act "obliges covered employers to give employees or their union 60 days notice of a plant closing or mass layoff." North Star Steel Co. v. Thomas, 515 U.S. 29, 31 (1995). Covered employers must give required notice to representatives of "affected employees" or the "affected employees" themselves. 29 U.S.C.A. § 2102(a) (West Supp. 1998). "Affected employees" are those "who may reasonably be expected to experience an employment loss as a consequence of a proposed plant closing or mass layoff by their employer." § 2101(a)(5).

Thus, notice requirements are triggered by either a "plant closing" or a "mass layoff." The term "plant closing" means:

> the permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site of employment, if the shutdown results in an employment loss at the single site of employment during any 30 day period for 50 or more employees excluding any part-time employees.

§ 2102(a)(2). An operating unit within a single site is defined in Department of Labor regulations as "an organizationally or

3

operationally distinct product, operation, or specific work function within or across facilities at the single site." 20 C.F.R. § 639.3(j); see also Pavao v. Brown & Sharpe Mfg. Co., 844 F. Supp. 890, 893 (D.R.I. 1994). The employer's own organizational or operational structure and the employer's distinctions drawn between entities within its facility are important factors to consider in determining whether an employment action affects an "operating unit" for purposes of the WARN Act requirements. Id. A "mass layoff" within the meaning of the Act is a reduction in force at a single site, but not the result of a plant closing, that occurs within a thirty-day period and causes the loss of 33% full-time employees (and at least 50) or 500 full-time employees. § 2101(a)(3).

A. Final Judgment on the Merits

Plaintiff, appearing pro se, brought suit against defendant in this court on April 9, 1996, and filed an amended complaint on June 27, 1996. Plaintiff alleged that defendant began to close its Dover facility on June 2, 1995, but did not provide notification of planned layoffs until June 30, 1995. Plaintiff alleged that defendant's "shut down" of its Dover facility "or certain operating units situated there, and the consolidation of

4

certain of [sic] operations to the Farmington plant lead to the termination of employment of a number of workers including the Plaintiff." Defendant knew, plaintiff alleged, that the result of its shut down and consolidation would be the loss of more than fifty jobs making the action subject to the notice requirements of the WARN Act. Plaintiff alleged that defendant violated the Act by not providing notice to employees affected by the layoffs.

After plaintiff's motion for class action certification was denied, both plaintiff and defendant moved for summary judgment. The court granted judgment in favor of defendant holding the WARN Act protects only employees "affected" by a plant closing, not those who lose employment for unrelated reasons, and that no genuine factual issue existed in plaintiff's favor that he was an "affected" employee within the meaning of the WARN Act. Instead, the court held, "defendant has introduced credible and admissible evidence that the 75 layoffs of which plaintiff complains (including plaintiff's own layoff) were made for reasons unrelated to the closing of the Dover plant." Lewis v. Davidson Rubber Co., et al. [Textron Automotive Interiors], No. 96-185, slip op. at 4 (D.N.H. May 20, 1997).

Plaintiff moved for reconsideration explaining that closure of separate operating units within the Dover plant, not the closure of the whole plant, triggered the Act's notification

5

requirements.  Plaintiff further argued that closing the "DN 5 Taurus and Sable Arm Rest Operating unit" triggered the notification requirements.  In response, the court first noted that plaintiff's argument was untimely.  The court nevertheless held that evidence in the record did not show that "the balancing out[1] of the Taurus and Sable armrest and console product manufacturing operations" . . . "constituted the closure of 'an organizationally or operationally distinct product, operation, or specific work function within or across facilities at the [Dover] site.'  20 C.F.R. § 639.3(j)." Lewis v. Textron Automotive Interiors, No. 96-185, slip op. at 1 (D.N.H. June 2, 1997).  On appeal, the First Circuit Court of Appeals affirmed, by unpublished opinion, and the Supreme Court denied certiorari. Lewis v. Textron Automotive Interiors, 132 F.3d 30 (1st  Cir. 1997), cert. denied, 118 S. Ct. 1803 (1998).

Summary judgment is a final judgment on the merits for purposes of applying the res judicata doctrine. Dowd v. Society of St. Columbans, 861 F.2d 781, 764 (1st Cir. 1988); see also Massachusetts School of Law, 142 F.3d at 37 (once the Supreme Court denies certiorari after the circuit court of appeals

---

[1]"Balancing out" is apparently an industry term to describe the demise of a product line and resulting layoff of employees when a contract for a particular product line expires and no more orders are received for the product.

6

affirms the district court's entry of summary judgment, "finality of the earlier judgment cannot be gainsaid"). Contrary to plaintiff's interpretation, the court did not deny his motion to reconsider on procedural grounds. Instead, after noting that the argument raised was untimely, the court proceeded to decide the question on the merits in light of the record presented for summary judgment. A post-judgment judgment was entered on June 3, 1997, in accordance with the previous order granting summary judgment and the court's order denying plaintiff's motion for reconsideration. Accordingly, the court's final judgment on the merits included its holding in response to plaintiff's motion to reconsider.

B. <u>Identicality of Causes of Action</u>

In his present complaint, plaintiff bases his claims on allegations that the Ford Taurus and Sable projects were separate operating units within Textron's Dover plant that obligated defendant to comply with WARN Act requirements. He alleges Textron announced in March 1995 that because the Ford Taurus and Sable contracts were not renewed, those "operating units were scheduled to close in June of 1995." Employment of plaintiff and others was terminated because of the shut down of the Taurus and Sable "operating units." He also alleges that defendant knew

7

that shut down of "operating units" including the Taurus and Sable units would result in a loss of more than 33% of the employees in "Business Unit #2," defined as "a Fundamental enterprise within the Defendant, Textron Automotive Company." Plaintiff contends that defendant was therefore subject to WARN Act notice requirements, including providing written notice, which was not done.

The principles of res judicata apply not only to causes of action actually brought and litigated in a previous action, but also to those that could have been brought in the previous action. Massachusetts School of Law, 142 F.3d at 38 (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). To be sufficiently related for preclusive effect, the new and old causes of action must arise from "'a set of facts which can be characterized as a single transaction or series of related transactions,'" or, stated in other terms, must arise from a "common nucleus of operative facts." Id. (quoting Apparel Art Int'l, Inc. v. Amertex Enter., 48 F.3d 576, 583 (1st Cir. 1995)). In employing the transactional approach, the court asks whether the actions alleged "'are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations.'" Id.

8

(quoting <u>Aunyx Corp. v. Canon U.S.A., Inc.</u>, 978 F.2d 3, 6 (1st Cir. 1992)).

To the extent plaintiff's pending cause of action pertaining to the Ford Taurus and Sable "operating units" was not raised in his previous case, it could have been and is therefore precluded as res judicata. Plaintiff's allegations in his present complaint arise from the same actions as were alleged in his prior complaint -- layoff of employees at defendant's Dover plant in violation of the WARN Act. Not only <u>could</u> plaintiff have raised the "new" issue pertaining to whether the demise of the Ford and Sable armrest projects, or "operating units," constituted a layoff within the governance of the WARN Act, he did raise the issue, at least in his motion for reconsideration, and the court ruled that evidence in the record did not support his position. Accordingly, sufficient identicality of causes of action between the two suits exists to preclude the present action.

C.  <u>Identicality of Parties</u>

Allan Lewis is the plaintiff in this action and was the plaintiff in the previous suit. Although Lewis, appearing pro se, attempted to represent a class in the previous action, his efforts were unsuccessful so that other named plaintiffs,

9

unrepresented in the prior suit, were never parties.  <u>See</u> Fed. R. Civ. P. 23(a); <u>see also</u> 28 U.S.C.A. § 1654 (West 1994).  In the present suit, pro se plaintiff Lynn Labombard has been terminated as a party leaving only Allan Lewis.  The defendant, Textron, was also a defendant in Lewis's previous case, although other defendants were also named.  Thus, as there can be no question that the judgment in the previous case applied to Allan Lewis, it's preclusive effect is applicable here.

As plaintiff had an opportunity to fully litigate his cause of action under the WARN Act pertaining to the Ford Taurus and Sable "operating units" in his first suit, his pending suit on that cause of action is barred as res judicata.  For that reason, the court does not consider defendant's alternative grounds for dismissal of plaintiff's claims.

Conclusion

Defendant's motion to dismiss (document no. 46) is granted. The clerk of court is directed to enter judgment in favor of defendant and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

October 26, 1998
cc:  Allan Lewis, pro se
     Debra Dyleski-Najjar, Esquire

10