Hemendra N. BHATNAGAR

v.

MID-MAINE MEDICAL CENTER.

Supreme Judicial Court of Maine.

Argued Jan. 7, 1986.

Decided May 27, 1986.

Augustine & Kern Ltd., Alan Rhine (orally), Chicago, Ill., Stephen T. Hayes, Augusta, for plaintiff.

Marden, Dubord, Bernier & Stevens, Albert Bernier (orally), Waterville, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

Hemendra N. Bhatnagar, the Plaintiff physician, appeals from two orders of the Superior Court (Kennebec County), one denying in part his motion to amend the complaint and the other granting Defendant Mid-Maine Medical Center's motion for summary judgment. He contends that summary judgment for the Defendant was improper because he had demonstrated that genuine issues of material fact existed concerning his claim that the Medical Center had violated its own by-laws. He further assigns error to the Superior Court's

refusal to grant him leave to amend the complaint to include allegations that his constitutional right to due process had been violated.

We affirm the judgment of the Superior Court.

The Plaintiff is a licensed Maine physician, first appointed to the Medical Center's staff in June, 1975, when he received clinical privileges in otolaryngology. He was reappointed in each of the years 1976, 1977 and 1978. The Defendant is a private, non-profit Maine corporation located in Waterville and served by a 27–member Board of Trustees.

The event precipitating this litigation occurred on August 31, 1978, when the Executive Committee of the medical staff, at a regular monthly meeting, voted summarily to suspend the Plaintiff's clinical privileges. In a letter written the next day the Executive Committee asserted that the Plaintiff had refused to undertake an emergency room case, in violation of the Medical Staff Rules and Regulations. Pursuant to the Rules, an Ad Hoc Hearing Committee took up the matter on October 4, 1978, and found that the Plaintiff's refusal to take the emergency room case was not a sufficient reason for summary suspension. Accordingly, it recommended that the physician be reinstated onto the medical staff, this reinstatement being contingent upon his adherence to the Rules.

As the Plaintiff's 1978 staff appointment neared its expiration in March, 1979,[1] the Executive Committee recommended reappointment with the proviso that approval be "subject to the final review" of the Board of Trustees. The Board, however, voted that same day not to reappoint the Plaintiff. On March 27, 1979, a Joint Conference Committee met, reviewed the Executive Committee's recommendation, and concurred with the Board. On April 26, 1979, the Board reaffirmed its decision and so notified the Plaintiff in a letter that

detailed some 26 charges of misconduct dating back to 1963. On October 8, 1980, another Ad Hoc Committee, after lengthy hearings, dismissed seven of the 26 charges but concluded that the other 19 charges, as a whole, supported the Board's decision not to reappoint the Plaintiff.

The Plaintiff seasonably requested appellate review. On December 22, 1980, the Appellate Review Committee upheld the Board, finding that the Board's decision "was justified and was neither arbitrary nor capricious." The Joint Conference Committee met again on January 19, 1981, and reaffirmed the Board's original decision. Finally, on January 26, 1981, two years and four months after the Executive Committee's September 1, 1978, letter, the Board reaffirmed its original decision, refusing to reappoint the Plaintiff to the medical staff.

The Plaintiff did not wait until the Board's final decision, however, before filing a complaint in Superior Court on September 2, 1980. On May 29, 1984, that court denied the Plaintiff's motion to amend his complaint. The Defendant's motion for summary judgment was granted on June 25, 1985, after which the Plaintiff brought this appeal.

Summary judgment is proper when there is no genuine issue as to a material fact and a party is entitled to judgment as a matter of law. M.R.Civ.P. 56(c). Here the Superior Court found that the relevant facts were not in dispute.

■ The Plaintiff is correct in asserting that the by-laws of a private association, such as the Medical Center, constitute an enforceable contract between him and that association. We so held in *Gashgai v. Maine Medical Association*, 350 A.2d 571, 572 (Me.1976). In Superior Court the Plaintiff claimed that in refusing to reappoint him to the staff the Medical Center had violated its own by-laws, thereby com-

---

**1.** All medical staff appointments at this hospital are for one year and expire at the end of March annually.

mitting a breach of its contract with him. The Superior Court entered summary judgment for the Defendant on that claim of by-law violation, finding that it presented no genuine issue of material fact. On appeal the Plaintiff contests that finding, arguing that the Medical Center committed a breach of its own by-laws (1) by considering earlier charges of which he had been cleared and (2) by holding an unauthorized meeting of the Joint Conference Committee. We reject this argument, agreeing with the Superior Court that the Defendant "is entitled to a judgment as a matter of law." M.R.Civ.P. 56(e).

■ The Plaintiff first argues that summary judgment was improper because there is a factual issue whether the Defendant's by-laws permit it to assert charges predating the September 1, 1978, letter. His contention is that the Ad Hoc Committee's report following the initial complaint cleared him of charges in that complaint as well as all earlier charges; thus, by raising the earlier charges, the Defendant violated its by-laws. Contrary to his argument, however, there is nothing in the by-laws that, after the termination of a staff physician's summary suspension and his reinstatement to the medical staff, forecloses the Medical Center from investigating earlier charges of misconduct.

The Defendant's by-laws confer upon its Board of Trustees wide discretion in considering medical staff applications. The Board is responsible for:

> [r]eviewing all appointments annually, and rejecting or removing applicants or appointees for just cause at any time by a majority vote of the Board of Trustees. Just cause shall include, but not be limited to, any and all actions or omissions which negatively affect the quality of patient care and thus the public good; ex. [sic], non-compliance with the Hospital By-laws, the Medical Staff By-laws, Hospital and Medical Staff Rules and Regulations, conduct leading to disharmony within the Hospital, inability or refusal to comport himself effectively or

agreeably in a non-disruptive manner within the framework of the Hospital on a high plane. In so doing the Board shall have the responsibility for being in good faith, honest, and without malice, in the exercise of its discretion, and not arbitrary or capricious.

Mid-Maine Medical Center Board of Trustees By-laws, Art. III, § 4(J). This provision makes it clear that the Board, not an Ad Hoc Committee, has ultimate authority for approving or rejecting medical staff applications. Dismissal may be predicated upon any act or failure to act that negatively affects the quality of patient care. At no point do the by-laws provide that a yearly staff appointment operates as a waiver of the Board's right to investigate and act upon "any and all actions or omissions which negatively affect the quality of patient care...." *Id.* We therefore conclude that the Board is in no way prevented from asserting the charges the Plaintiff challenges.

■ The Plaintiff's other claimed by-laws violation is that the first of two meetings of the Joint Conference Committee was not authorized by the by-laws. This first meeting was held on March 27, 1979, immediately after the Board initially decided not to reappoint the Plaintiff and before the first Ad Hoc Committee hearing on the case. The second Joint Conference Committee meeting was held after the Appellate Review Committee's decision. The Joint Conference Committee is a "discussion" committee that is convened only after the Appellate Review Committee has rendered a decision contrary to the Executive Committee's initial recommendation. Medical Center By-laws, Art. VI, § 6; Medical Center Medical Staff Rules & Regulations, Art. VIII, § 7(A).

The Plaintiff is indeed correct in arguing that the first Joint Conference Committee meeting was not contemplated in the by-laws. There is no provision for such a meeting of the Committee at any time before the Ad Hoc Committee hearing process occurs. Given the limited authority of

the Joint Conference Committee, however, the Plaintiff has not demonstrated he was in any way prejudiced by its additional meeting. The fact that the Board, not the Joint Conference Committee, has ultimate authority over staff applications undercuts his argument that the Board used the Committee as a way to persuade the Executive Committee to agree with the Board's decision. The extra meeting of the Joint Conference Committee did not rise to the level of being a violation of the Medical Center's by-laws.[2]

The Plaintiff's final argument is that the Superior Court erred in denying him leave to amend the complaint to include allegations that his right to due process under the state and federal constitutions had been violated. The basis of the Superior Court's order was that any claim of due process violation was barred by res judicata because the United States District Court had entertained and dismissed similar litigation.

We conclude that the Superior Court correctly determined that the Plaintiff's due process claims were barred by the principles of res judicata. Those principles may be applied properly where (1) the same parties or their privies are involved, (2) a valid final judgment was entered in the earlier action, and (3) the matters presented were or might have been litigated in the earlier action. *Beegan v. Schmidt*, 451 A.2d 642, 644 (Me.1982) (quoting *Kradoska v. Kipp*, 397 A.2d 562, 565 (Me.1979)). The three prongs of the *Beegan* test are satisfied here. The parties are identical; the United States District Court's grant of the Center's motion for summary judgment operated as an adjudication on the merits;[3] and the claims the Plaintiff sought to raise in Superior Court were identical to those litigated in the District Court. The Superior Court thus properly refused to grant the Plaintiff leave to amend the complaint.

**2.** *See generally* N. Hershey, *Hospital-Physician Relationships* (1982).

In sum, we find no merit in the Plaintiff's arguments.

The entry, therefore, is:

Judgment affirmed.

All concurring.

**3.** *See Prakash v. American Univ.*, 727 F.2d 1174, 1182 (D.C.Cir.1984).