**Karen CAPORINO**

v.

**Leo LACASSE.**

Supreme Judicial Court of Maine.

Argued May 6, 1986.

Decided June 20, 1986.

---

Neal L. Weinstein, Colleen P. Tucker (orally), Old Orchard Beach, for plaintiff.

No appearance for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

The plaintiff, Karen Caporino, appeals from the judgment of the Superior Court, York County, affirming the summary judgment rendered by the District Court, Biddeford, in favor of the defendant, Leo Lacasse. She contends on appeal that her instant suit is not barred by the judgment in her favor in a prior small claims proceeding. We hold that the District Court properly granted summary judgment for the defendant and affirm the judgment.

I

In February, 1984, Caporino filed a small claims action against Lacasse. After hearing, the court in April, 1984, ordered judgment for Caporino in the amount of $163.95. In July, 1984, Caporino filed a complaint in District Court, alleging that she had sustained bodily injuries caused by Lacasse's failure to inspect and maintain his premises. In a subsequently filed memorandum Caporino stated:

> Plaintiff's small claims action and this pending action involve circumstances and events relating to a personal injury she suffered on premises owned by the Defendant, and subsequent damages suffered by Plaintiff.

Lacasse moved for summary judgment on the ground that the identical cause of action had been litigated in the small claims proceeding and that the instant suit was therefore barred by the doctrine of *res judicata*. The District Court rendered summary judgment in favor of Lacasse, and Caporino's successive appeals to the Superior Court and this court ensued.

II

Caporino contends on appeal that the statutory small claims proceeding, 14 M.R.S.A. §§ 7481–7485 (Supp.1985–1986), is not an appropriate forum for personal injury litigation and points to the unavailability of discovery procedures and the jurisdictional limitations on damages. *See* M.D.C.Civ.R.

81(a)(1) (District Court civil rules do not apply to small claims proceedings); 14 M.R. S.A. § 7482 (right of action cognizable if the damage does not exceed $1,400). We note preliminarily that Caporino chose the small claims forum and thus by her choice secured its advantages and subjected herself to its limitations. *Cf. Ela v. Pelletier,* 495 A.2d 1225 (Me.1985) (defendant's right to jury trial is preserved by the availability of a *de novo* proceeding on appeal to the Superior Court; plaintiff who chose the small claims forum does not have a right to a *de novo* appeal).

More specifically, Caporino contends that under 14 M.R.S.A. § 7485[1] the doctrine of *res judicata* applies only to the amount recovered in the small claims proceeding and does not foreclose her from seeking subsequent and additional damages in an alternative forum. We disagree.

The instant case involves the branch of *res judicata* usually called bar and merger. The doctrine of bar and merger prohibits relitigation of a cause of action between the same parties or their privies, once a valid final judgment has been rendered in an earlier suit on the same cause of action. *Beegan v. Schmidt,* 451 A.2d 642, 644 (Me.1982). The doctrine is justified by concerns for judicial economy, the stability of final judgments, and fairness to litigants. *Id.* at 646. In order to apply the doctrine of bar and merger, the court must determine that 1) the same parties or their privies are involved; 2) a valid final judgment was entered in the prior action; and 3) the matters presented for decision were or might have been litigated in the prior action. *Id.* at 644; *see also Bhatnagar v. Mid-Maine Medical Center,* 510 A.2d 233, 236 (Me.1986); *Kradoska v. Kipp,* 397 A.2d 562, 565 (Me.1979).

Once these determinations are made, the court must further determine whether the matters presented for decision in the in-

stant suit *should* have been litigated in the prior action, that is, whether the instant suit presents the same cause of action. *Beegan,* 451 A.2d at 645.

Section 7485 states the effect of a valid final judgment in a small claims proceeding. Our examination of this provision leads us to conclude that the doctrine of bar and merger applies to the instant case. Pursuant to the first sentence of section 7485, facts found or issues adjudicated in a small claims proceeding may not be deemed found or adjudicated for the purpose of a proceeding based on "any other cause of action." This sentence does not prevent application of bar and merger to the instant case that represents the identical cause of action for the claimed negligence of Lacasse as did the prior small claims proceeding.

The second sentence provides that the small claims judgment "shall be res judicata as to the amount in controversy." By its very terms this sentence bars the instant suit. The same parties are involved as in the earlier action, and a valid final judgment was entered in the prior action. Caporino admits that the prior and the instant actions involve the same set of circumstances and events. Thus the facts of the two actions are "related in time, space, [and] origin" and "their treatment as a unit conforms to the parties' expectations." *Beegan,* 451 A.2d at 645, quoting *Restatement (Second) of Judgments* § 24 (1982). The essential duty Lacasse is alleged to have breached is the same in each case: the duty to maintain his premises in a safe condition. *See Beegan,* 451 A.2d at 647. Thus the operative facts of the two actions constitute the same transaction and should be treated as an identical cause of action. *See id.* at 645–46. Caporino has sought monetary relief in each suit, and the relief she obtained in the prior suit became "res

---

1. Section 7485 provides:
    Any fact found or issue adjudicated in a proceeding under this chapter, may not be deemed found or adjudicated for the purpose

of any other cause of action. The judgment obtained shall be res judicata as to the amount in controversy. The only recourse from an adverse decision shall be by appeal.

judicata as to the amount in controversy." [2] *Cf. Rosen v. Parking Garage, Inc.,* 40 Misc.2d 178, 242 N.Y.S.2d 677 (1963) (plaintiff may not lose in small claims action and turn around and sue again; construing a statute that provides that the small claims adjudication is "res adjudicata only as to the amount involved in the particular action"). We hold therefore that the District Court properly determined that the doctrine of *res judicata* barred Caporino's instant suit against Lacasse.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** The drafting history of section 7485 supports this result. *See* Me. Supreme Judicial Court, Advisory Committee on Court Management and Policy, Report of the Ad Hoc Committee on Small Claims 52–53 (n.d. [1979]). The Ad Hoc Committee reviewed the statutory provision, 14 M.R.S.A. § 7457 (1980) (repealed 1982), that then provided for the effect of a small claims adjudication and considered its language to be unclear. *Id.* at 52. The Committee proposed a revised section to make clear that:

[A]ny cause of action litigated in the small claims court can not be relitigated by the parties in another litigation. The only recourse is appeal. In other words, the amount of judgment is res judicata between the parties.

*Id.* at 52. To effectuate this end, the Ad Hoc Committee drafted a provision thereafter enacted with only minor changes as section 7485. *See id.* at page k.