STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-111

DHM - KEN - 2/21/2004

TIM CAMPBELL and
TABATHA BESSEY,

Plaintiffs

v.

**DECISION AND ORDER**

LEONARD D. POULIN, JR.
and LEN POULIN, INC.,

DONALD L. GARBRECHT
LAW LIBRARY

APR 23 2004

Defendants

This matter is before the court on defendants' motion to dismiss/for summary judgment. In plaintiffs' complaint, they claim they are the owners of real estate located on Cemetery Street in Vassalboro. They allege that in November of 2000, they reached an agreement with defendant Poulin to perform ground work on a driveway and mobile home pad including removal of stumps from a driveway area, use of plaintiffs' gravel, and work on a septic system and leach field. They claim their agreement was with defendant Leonard D. Poulin, Jr. personally. Their complaint, however, is brought against both Leonard D. Poulin, Jr. personally and Len Poulin, Inc., a Maine corporation.

Defendants' motion to dismiss is accompanied by attorney affidavit, a statement of material facts and three exhibits. The motion is founded upon the doctrine of res judicata inasmuch as both parties have provided information in addition to the wording of the complaint. This court considers the matter before it a motion for summary judgment.

By statement of claim (WAT-02-SC-171), Len Poulin, Inc. by and through its president, Leonard D. Poulin, Jr., brought a small claims action dated July 2, 2002, before the District Court of Waterville. The claim was:

> Defendants hired Plaintiff to do Excavating on the Defendants' land on Cemetery Street in Waterville (sic). Defendants never paid Plaintiff. Plaintiff has tried several times to collect this bill, but he has heard nothing from the plaintiff and no attempts have been made to pay this bill.

> The Plaintiff request a judgment against the Defendant in the amount of $4,927.69 plus costs.

On September 6, 2002, the Waterville District Court entered a default judgment against the plaintiff.

On October 9, 2002 Mr. Campbell and Ms. Bessey, as defendants filed a Notice of Appeal of the Waterville Small Claims decision requesting a jury trial de novo. That appeal was decided via a motion to dismiss in this court in a Decision and Order dated December 31, 2002. This court sent the defendants in that case (Campbell and Bessey, plaintiffs in this case) back to District Court for possible relief from default judgment. There is no evidence in the record that these plaintiffs attempted to seek relief from default judgment in the District Court.

Defendants argue that plaintiffs, having failed to raise appropriate defenses in the District Court action, having failed to initiate a statement of claim under small claims procedure against the defendant, and having failed to comply with the "procedural roadmap" laid out by this court in December of 2002 when plaintiffs, as defendants in WAT-02-SC-171, sought to appeal the default judgment entered in the District Court, should not be allowed to go further with this action.

Defendants argue that the same nucleus of operative facts were litigated in Waterville District Court and the plaintiffs here lost any standing they might have had

by failing to file a statement of claim, or defense, and that further litigation is barred by res judicata and issue estoppel.

The notice of appeal of small claims executed by plaintiff, Tabatha Bessey, was dated October 9, 2002, in WAT-02-SC-171. It provides notice that the defendants in the small claims action appealed to the Superior Court and the judgment entered by the District Court on September 6, 2002. She requested a jury trial de novo. As grounds of her appeal, she stated:

> There never was contract between the parties. The plaintiff is attempting to charge for unauthorized work. What work he did was done in an unworkmanlike fashion. Further, his actions have opened us up to civil penalties from State and Local authorities. We do not owe him any money, quite the contrary.

Also, under same date, Bessey filed an affidavit.[1] In it, she claims Poulin pulled the stumps from the front yard, placed them in a pit in wetland causing her to be contacted by the Maine Department of Environmental Protection. She claims that Poulin was involved in filling, displacing and exposing soil without taking measures to prevent unreasonable erosion. She claims Poulin used gravel and sand from her pit without permission. She claims Poulin dug a test pit causing damage to the road resulting in a complaint by the Town Code Enforcement Officer.

In response to Poulin's motion to dismiss Campbell and Bessey's appeal, the defendants allege that, due to problems with the mail, they did not receive the Notice of Judgment from the Maine District Court until two weeks after it was mailed. As a result, the specific order of this court relating to the appeal reads:

> Plaintiff's motion to dismiss appeal is GRANTED; the defendants' appeal
> is DIMISSED without prejudice and with all preservation of procedural

---

[1] While plaintiff Bessey complained that she did not receive the Notice of Judgment from the District Court, post-marked September 23, 2002, until October 7, 2002, because of mail problems, her affidavit of October 9, 2002, states, "11. On or about September 23, 2002, Tim and I received Notice of Judgment from the Maine District Court."

rights; the case is REMANDED to the District Court for consideration of an appropriate motion for relief.

Rather than bring an appropriate motion for relief before the District Court, a complaint was filed in this court on May 28, 2003.

While plaintiffs claim that the extent and nature of the damage to their property was not known at the time of the small claims action, it is clear from the affidavit, filed just over a month after the default judgment in the small claims court, that the plaintiffs were well aware of the alleged damage to the road, the filling of the wetland and the unauthorized use and purchase of gravel and sand.[2]   Plaintiffs argue that the effect of a small claims judgment is limited by statute in its collateral estoppel effect:

> Any fact found or issue adjudicated in a proceeding under this chapter, may not be deemed found or adjudicated for the purpose of any other cause of action. The judgment obtained shall be res judicata as to the amount in controversy. The only recourse from an adverse decision shall be by appeal.

14 M.R.S.A. § 7485.

Defendants here are arguing essentially that the theory of "bar and merger" applies in this case.  Arguing that the small claims ruling denies plaintiffs standing in this case, defendant cites a Law Court ruling in a case where a plaintiff sought to bring a personal injury claim in a separate action after having already won a small claims action for $163.95. *Caporino v. Lacasse*, 511 A.2d 445 (Me. 1986).  The *Caporino* court restated the court constructed theory of bar and merger so: "The doctrine of bar and merger prohibits relitigation of a cause of action between the same parties or their privies, once a valid final judgment has been rendered in an earlier suit on the same cause of action." *Id.* at 447.

---

[2] The defendants in this action complain that plaintiffs should have initiated their claim by counterclaim in the small claims action.  Small claims court operates under rules which "shall be construed to secure just, speedy, and inexpensive determination of every action in a simple and informal way."  There is no provision in the Maine Rules of Small Claims Procedure requiring compulsory counterclaims.

Determining whether *res judicata* applies in a case can be difficult. The Law Court has given the following guideline:

> In order for the doctrine to be applied, the court must satisfy itself that 1) the same parties, or their privies, are involved; 2) a valid final judgment was entered in the prior action; and 3) the matters presented for decision were, or might have been, litigated in the prior action.

*Beegan v. Schmidt,* 451 A.2d 642, 644 (Me. 1982).

It is unclear whether the damage caused by the alleged inept excavation and use of ground materials was unknown to the plaintiffs at the time of the filing of the small claims by the defendants. It is difficult for this court not to conclude that the plaintiffs would, at the very least, have been in a position to respond to defendants' statement of claim with regard to the payments due. However, if the information was not available in July of 2002, it appears to have been clearly known by September of 2002 when the small claims hearing was scheduled and the plaintiffs failed to appear. Failing that, it was known in October of 2002 when the notice of appeal was filed. This court can reach no conclusion except that the failure of the plaintiffs to seek appropriate relief from default judgment, as they were afforded an opportunity to do, amounts to a waiver of their defense to the defendants' small claim and, therefore, final judgment.

The dispute central to this motion is not whether there were problems with the excavation work performed by Poulin, but whether those problems could have or should have been litigated in the earlier action (WAT-02-SC-171). Plaintiffs argue in their memorandum of law in opposition to defendants' motion to dismiss that the first prong of the test for *res judicata* fails here as there is not complete identity of parties as the small claims case was brought on behalf of Len Poulin Inc. and this action includes Mr. Poulin personally (count IV, in fact, being brought solely against Mr. Poulin personally). Plaintiffs also point to 14 M.R.S.A. § 7485 as specifically barring any fact

found in a small claims proceeding being deemed found or adjudicated in any other cause of action. Plaintiffs go on to point out that M. R. Civ. P. 80L(d)(2) would have denied plaintiffs the ability to bring a claim for more than $4,500 if they invoked their right to trial under M. R. S. C. P. 11.[3]

Plaintiffs further add that this claim is so remote in time and origin from the previous action that it is not subject to *res judicata*. Relying on a Law Court ruling in a case concerning lease and subsequently contractual issues between operators and owners of a sawmill, *DiPietro v. Boynton*, 628 A.2d 1019 (Me. 1993), plaintiff argues that this case meets the test lifted from the RESTATEMENT 2ND OF JUDGMENTS § 24 by the *DiPietro* court:

> What factual grouping constitutes a 'transaction' [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*DiPietro*, 628 A.2d at 1022.

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). When reviewing a motion to dismiss, the material allegations of the complaint are accepted as true. *Id*. In ruling on a motion to dismiss, the court should "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862. Dismissal for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiff is entitled to no relief

---

[3] However, at the very least, the issue of workmanship if properly placed before the court would have put in issue the jurisdictional amount and the opportunity to initiate Superior Court action and move for joinder would have created an essential counterclaim.

under any set of facts which he might prove in support of his claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996). The legal sufficiency of a complaint is a question of law. *Sargent v. Buckley*, 1997 ME 159, ¶ 10, 697 A.2d 1272, 1275.

Summary judgment is proper if the citations to the record found in the parties' Rule 56(h) statements demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Dickinson v. Clark*, 2001 ME 49, ¶ 4, 767 A.2d 303, 305. "A fact is material if it has the potential to affect the outcome of the case under governing law." *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, n.3, 770 A.2d 653, 655, n.3 (citing *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575). "The invocation of the summary judgment procedure does not permit the court to decide an issue of fact, but only to determine whether a genuine issue of fact exists. The Court cannot decide an issue of fact no matter how improbable seem the opposing party's chances of prevailing at trial." *Searles v. Trustees of St. Joseph's College*, 1997 ME 128, ¶ 6, 695 A.2d 1206, 1209 (quoting *Tallwood Land & Dev. Co. v. Botka*, 352 A.2d 753, 755 (Me. 1976)). To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a prima facie case for each element of her cause of action. *See Fleming v. Gardner*, 658 A.2d 1074, 1076 (Me. 1995).

> Justified by concerns of judicial economy, the stability of final judgment, and fairness to litigants, the doctrine of res judicata bars the relitigation in a present action of all issues tried, or may have been tried, in a prior action if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters present for decision now were, or might have been, litigated in the prior action.

*Currier v. Cyr*, 570 A.2d 1205 (Me. 1990) citing *Beegan v. Schmidt*, 451 A.2d 642; *Kradoska v. Kipp*, 397 A.2d 562. Whether the matters presented for decision were or might have been litigated in the prior case depends upon whether the same "cause of action" was before the court in the prior case. *Currier*, 570 A.2d at 1208. Maine has accepted what is

known as a "transactional test" for the cause of action, which defines "the measure of a cause of action as the aggregate of connected operative facts that can be handled together conveniently for purposes of trial." *Currier*, 570 A.2d at 1208.

Poulin's statement of claim is dated July 2, 2002. Upon receipt of the claim, plaintiffs Campbell and Bessey were not required to file a responsive pleading but could file such a pleading at any time up to the time of hearing. M. R. S. C. P. 3(B). Furthermore, if no responsive pleading was filed, all facts in the statement of claim were to be taken as denied and any matter in defense could be offered at the hearing. The Notice of Judgment, dated September 6, 2002, indicates that the small claims action was returnable on September 6, 2002, the plaintiffs did appear, the defendants did not appear and judgment was rendered by default in the amount of $4,500 with cost of $40. It is clear from all of the pleadings and evidence that workmanship by Poulin was and has always been an issue to be prosecuted by Campbell and Bessey. There is no evidence that any legal relationship has ever existed between the parties except by virtue of an agreement by Poulin to do ground work for the plaintiffs and the plaintiffs to compensate him therefor. Poulin was authorized to be on property of the plaintiffs by virtue of the agreement. All of his activities were founded upon a contractual duty to complete the work for which he was hired. If the work was not done in a workmanlike manner or if damages were caused the plaintiffs by virtue of that work, Poulin's liability to the plaintiffs arose from the duties created by the informal contract. Plaintiffs do not allege that defendants were trespassers or that work was outside of the scope or responsibility of the informal agreement. Therefore, all of the complaints by the plaintiffs in the present pleading arise of the same transaction. Under the doctrine of res judicata, as it applies in Maine law, the entire transaction could have been litigated under the previous proceeding.

The entry will be:

Defendants' motion for summary judgment is GRANTED; judgment for the defendants.

Dated: February 2*, 2004

_____
Donald H. Marden
Justice, Superior Court

TIM CAMPBELL  - PLAINTIFF
127 WATER ST
GARDINER ME 04345
Attorney for: TIM CAMPBELL
JOHN R LEMIEUX
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120


Attorney for: TIM CAMPBELL
JOHN S BOBROWIECKI JR
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120


TABATHA BESSEY  - PLAINTIFF


Attorney for: TABATHA BESSEY
JOHN R LEMIEUX
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120


Attorney for: TABATHA BESSEY
JOHN S BOBROWIECKI JR
FARRIS HESELTON LADD & BOBROWIECKI, PA
251 WATER STREET
PO BOX 120
GARDINER ME 04345-0120



vs
LEONARD D POULIN JR  - DEFENDANT
159 RIVER RD
BENTON ME 04901
Attorney for: LEONARD D POULIN JR
CHARLES FERRIS
LAW OFFICE OF CHARLES T FERRIS
18 SILVER ST
WATERVILLE ME 04901


LEN POULIN INC. - DEFENDANT

Attorney for: LEN POULIN INC.
CHARLES FERRIS
LAW OFFICE OF CHARLES T FERRIS
18 SILVER ST
WATERVILLE ME 04901


SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2003-00111


DOCKET RECORD


Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 05/27/2003