MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2019 ME 8
Docket:       Pen-17-549
Argued:       July 19, 2018
Decided:      January 22, 2019
Revised:      July 16, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.
Majority:     SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.
Concurrence: SAUFLEY, C.J., and ALEXANDER, J.

ERIC RING

v.

DANIEL LEIGHTON

v.

CLINTON McGAW

MEAD, J.

[¶1]  On February 8, 2016, Clinton McGaw, driving a vehicle owned by Eric Ring, was on his way to pick up a customer in furtherance of Ring's business when he was involved in a collision with a vehicle driven by Daniel Leighton.  In a small claims matter filed by Leighton against McGaw, the District Court (Lincoln, *Stitham, J.*) found that McGaw was negligent and awarded Leighton just over $3,900 in damages and costs.  No appeal was filed and the judgment was paid.  Ring then filed a complaint in the Superior Court asserting that *Leighton* was negligent and had caused Ring economic harm.

Ring appeals from a summary judgment entered by the Superior Court (Penobscot County, *A. Murray, J.*) in favor of Leighton on Ring's complaint. Ring contends that the court erred in applying the common law doctrine of res judicata to the earlier small claims judgment obtained by Leighton against McGaw and thereby determining that the judgment conclusively resolved the issue of which driver was at fault.

[¶2] In this matter of first impression, we conclude that claim preclusion cannot, because of the unique limitations of small claims procedure, operate to bar a subsequent suit brought in District or Superior Court by a person who was not an actual party to the small claims action, but rather was at most in privity with the defendant in the small claims case. Accordingly, we vacate the summary judgment and remand for further proceedings in the trial court.

## I. BACKGROUND

[¶3] The facts are drawn from the summary judgment record, taken in the light most favorable to Ring as the nonprevailing party. *See Estate of Frye v. MMG Ins. Co.*, 2018 ME 44, ¶ 8, 182 A.3d 158. Following the accident between McGaw and Leighton, Leighton filed a small claims action against McGaw in the District Court (Lincoln). Leighton's statement of claim, seeking $3,795.57 in damages plus costs, alleged that McGaw had negligently caused the accident.

[¶4]  At the hearing on Leighton's claim, Ring's insurer provided McGaw with counsel and a defense; Ring attended and spoke to McGaw and McGaw's counsel.  The court found that McGaw was at fault in the accident and entered judgment in favor of Leighton in the full amount that he had requested—$3,795.57, plus $106.30 in costs.  The judgment did not make any findings regarding Ring, or McGaw's relationship to Ring.  A satisfaction of judgment was filed on November 17, 2016.

[¶5]  In January 2017, Ring filed a negligence complaint against Leighton in the Superior Court seeking unspecified damages, alleging that Leighton, not McGaw, had been at fault in the accident.  Leighton's answer denied the substantive allegations of the complaint and asserted as defenses, inter alia, that Ring's claim was barred by the doctrines of res judicata and bar and merger.  Leighton then filed a third-party complaint against McGaw seeking indemnification if he were found to be liable to Ring, asserting that the small claims judgment established McGaw's negligence.

[¶6]  In July 2017, Leighton moved for summary judgment "based upon the fact that responsibility for [the] accident was previously adjudicated in the Lincoln District Court."  Ring opposed the motion, arguing that the small claims judgment had no res judicata effect as to him, in part because he was not a party

4

to that action. Following a nontestimonial hearing, the court granted Leighton's motion and entered a summary judgment, concluding that "the issue of fault for the accident in question has already been determined by a prior final judgment in the 2016 Small Claims proceeding," and that "Ring had a fair opportunity and incentive to litigate the issue in a prior proceeding." (Quotation marks omitted). The court concluded that "collateral estoppel precludes Ring from relitigating the factual issue of who was at fault for the accident[;] . . . [t]herefore, Ring cannot establish that Leighton breached a duty to him, and therefore cannot establish all the necessary elements of a prima facie case for negligence." Ring appealed.

## II. DISCUSSION

[¶7] In the ordinary case, the claim preclusion prong of the res judicata doctrine "prohibits relitigation of an entire cause of action between the same parties or their privies, once a valid final judgment has been rendered in an earlier suit on the same cause of action."[1] *Pushard v. Bank of Am., N.A.*, 2017 ME 230, ¶ 19, 175 A.3d 103 (quotation marks omitted). We have not

---

[1] Because Ring's argument that 14 M.R.S. § 7485 (2017) prohibits giving the small claims judgment preclusive effect in the Superior Court "depends on the legal effect of the . . . [District Court] cause of action, as opposed to particular factual issues litigated in connection with that claim, the question here involves claim preclusion." *Pushard v. Bank of Am., N.A.*, 2017 ME 230, ¶ 19, 175 A.3d 103.

previously addressed the situation presented here, where the person filing suit in the Superior Court subsequent to the entry of judgment in the small claims case—based on the same core set of facts—was not a party in the small claims proceeding.[2]

[¶8]   Leighton, as the party asserting the affirmative defense of res judicata, bears the burden of proving its applicability.  *See* M.R. Civ. P. 8(c); *ABN AMRO Mort. Gp. v. Willis*, 2003 ME 98, ¶ 5, 829 A.2d 527.  "We review the supported facts in the summary judgment record in the light most favorable to [Ring], as the nonprevailing party, to determine de novo if any genuine issue of material fact exists for trial and whether, based on the undisputed facts, [Leighton] was entitled to a judgment as a matter of law."  *Estate of Frye*, 2018 ME 44, ¶ 8, 182 A.3d 158.  Likewise, "[w]e review decisions regarding the effect of a prior judgment on a present action, which is a question of law, de novo."  *Thibeault v. Brackett*, 2007 ME 154, ¶ 7, 938 A.2d 27.

[¶9]  Ring contends that the court erred in granting Leighton summary judgment because, for two reasons, the small claims judgment in Leighton's favor did not have preclusive effect in the Superior Court: (1) the Small Claims

---

[2]  In fact, we have only addressed this issue where the person bringing the second suit was the *plaintiff* in the small claims action.  *See Thibeault v. Brackett*, 2007 ME 154, ¶ 4, 938 A.2d 27; *Caporino v. Lacasse*,  511 A.2d 445, 446 (Me. 1986).

Act, 14 M.R.S. §§ 7481-7487 (2017), requires that result; and (2) Ring was not a party to the small claims action, nor was he in privity with McGaw in that separate matter. If fault for the accident is not established as a matter of law, Ring reasons, then it remains a material fact in dispute and summary judgment is precluded. *See* M.R. Civ. P. 56(c); *Estate of Frye*, 2018 ME 44, ¶ 8, 182 A.3d 158.

[¶10] Because litigation of a small claim is unlike other civil litigation in several important respects, before addressing the merits of Ring's arguments we begin our analysis with a review of the characteristics and limitations that make "small claims proceedings . . . unique and different from other proceedings conducted in the District Court." *Thomas v. BFC Marine/Bath Fuel Co.*, 2004 ME 27, ¶ 11, 843 A.2d 3.

[¶11] Small claims proceedings are a creature of statute, established by the Legislature with jurisdiction given to the District Court "for the purpose of providing a simple, speedy and informal court procedure for the resolution of small claims." 14 M.R.S. § 7481. It is an alternative, not exclusive, way to resolve a "small claim," which is a claim presently subject to a jurisdictional

maximum of $6,000,[3] exclusive of interest and costs, that does not involve title to real estate. 14 M.R.S. §§ 7481-7482.

[¶12] Pursuant to statute, "small claims proceedings are governed by separate, succinct procedural rules" that we have promulgated. *Midland Funding LLC v. Walton*, 2017 ME 24, ¶ 16, 155 A.3d 864; 14 M.R.S. § 7484-A(1); *see* Maine Rules of Small Claims Procedure. In keeping with the Legislature's directive mandating simplicity and expediency, *see* 14 M.R.S. § 7481, those rules must be "construed to secure the just, speedy, and inexpensive determination of every action in a simple and informal way."[4] M.R.S.C.P. 1, 15.

[¶13] Accordingly, in stark contrast to the procedure used in other civil cases, the rules of evidence, other than with respect to privileges, do not apply in a small claims hearing; "[t]he court may receive any oral or documentary evidence [that is] not privileged"; the presiding judge is required to "assist in developing all relevant facts"; and the court is not required to articulate any findings of fact or conclusions of law following the hearing. M.R.S.C.P. 6(b);

---

[3] The jurisdictional limit is reviewed by the Legislature every four years. 14 M.R.S. § 7482 (2017).

[4] We have observed that the Maine Rules of Civil Procedure, which govern other civil actions in the District Court or Superior Court, do not contain a similar specification that proceedings be informal. *Thomas v. BFC Marine/Bath Fuel Co.*, 2004 ME 27, ¶ 11, 843 A.2d 3; *see* M.R. Civ. P. 1.

8

M.R. Civ. P. 52(a), 81(b)(2)(A); M.R. Evid. 101(b)(4). At the conclusion of the hearing, the court must "promptly enter judgment for the prevailing party for the relief to which that party is entitled, even if that party has not demanded such relief." M.R.S.C.P. 8(c).

[¶14] Either party may appeal a small claims judgment to the Superior Court, 14 M.R.S. § 7485; M.R.S.C.P. 11(a), but the plaintiff may appeal "questions of law only," and a plaintiff's appeal "shall be determined by the Superior Court without jury." M.R.S.C.P. 11(d)(1). An appeal taken by the defendant on questions of law may likewise be resolved by the court, but if the defendant's appeal concerns factual issues those issues may be resolved "by jury trial de novo at the election of the defendant." M.R.S.C.P. 11(d)(2). A defendant requesting a jury trial must file affidavits sufficient to "set[] forth specific facts showing that there is a genuine issue of material fact as to which there is a right to trial by jury." *Id.* In that event, the small claims judgment becomes a nullity and the case is tried to a jury. *Id.* In accordance with M.R. Civ. P. 80L,[5] however, at that trial many of the rules of civil procedure still do not apply; the defendant

---

[5] Maine Rule of Civil Procedure 80L is a special rule "govern[ing] proceedings in jury trials de novo on appeal to the Superior Court from judgments of the District Court in small claims actions. The other provisions of the Rules of Civil Procedure do not apply to such proceedings except as provided in [Rule 80L]." M.R. Civ. P. 80L(a).

may not add counterclaims;[6] and, regardless of the size of the jury's verdict, any judgment remains subject to the jurisdictional limit set by 14 M.R.S. § 7482. M.R. Civ. P. 80L(a), (d)(2); M.R. Civ. P. 80L Advisory Committee's Notes 1986.

[¶15]  We now turn to Ring's arguments, keeping in mind the unique characteristics and significant limitations of small claims procedure.

[¶16]  Ring first argues that the plain language of the Small Claims Act prevents the District Court's judgment from having preclusive effect in the Superior Court action.  Section 7485 of the Act provides:

> Any fact found or issue adjudicated in a proceeding under this chapter *may not be deemed found or adjudicated for the purpose of any other cause of action.*  The judgment obtained is res judicata as to the amount in controversy.  If a plaintiff has reduced the amount of a claim or contract to meet the jurisdictional limits of this chapter, the judgment obtained is res judicata as to the full amount of the debt or contract in controversy.  The only recourse from an adverse decision is by appeal.

---

[6]  The Maine Rules of Small Claims Procedure provide very specific rules for "Commencement of Proceedings" (Rule 2) and "Pleadings" (Rule 3).  The reference in Rule 3(b) to responsive pleadings by the defendant falls under the heading of "Defenses" and the rule notably does not provide for claims by a defendant against a plaintiff by counterclaim.

Additionally, the Advisory Committee's notes accompanying M.R. Civ. P. 80L make clear that the rules governing small claims appeals do not anticipate counterclaims:

> Rule 80L(d)(2) limits the amount of judgment that may be entered to reflect the jurisdictional limitations of the Small Claims Act, 14 M.R.S.A. §§ 7481, 7482.  The limit controls regardless of the size of the jury's verdict.  This limit is imposed, because to do otherwise would require that the defendant be allowed to amend to add counterclaims.

M.R. Civ. P. 80L Advisory Committee's Notes 1986.

14 M.R.S. § 7485 (emphasis added).

[¶17]  Ring is correct in asserting that the statute plainly bars the District Court's finding that McGaw was at fault in the accident[7] from being res judicata in "any *other* cause of action." *Id.* (emphasis added).  In the two cases where we have addressed this section, we have focused on the "cause of action" language, and held that "the doctrine of bar and merger applies to section 7485, and . . . a small claims judgment does bar relitigation of the *same* cause of action . . . even when different relief is sought and different theories are advanced."  *Thibeault*, 2007 ME 154, ¶ 7, 938 A.2d 27 (citation omitted); *see Caporino v. Lacasse*, 511 A.2d 445, 447 (Me. 1986) (holding that the phrase "'any other cause of action' . . . does not prevent application of bar and merger to the instant case that represents the identical cause of action for the claimed negligence . . . as did the prior small claims proceeding").

[¶18]  In both *Thibeault* and *Caporino*, however, the plaintiff in the subsequent civil case had also been the plaintiff in the earlier small claims action, and our analysis was narrowly directed to the question of whether the

---

[7] Although the District Court's small claims notice of judgment does not contain an express finding that McGaw was wholly at fault in the accident, the court necessarily made that finding when it awarded Leighton the entire amount he requested after claiming that McGaw "negligently caused [the] automobile accident."

second case was based on the same cause of action. *Thibeault*, 2007 ME 154, ¶¶ 4, 8, 938 A.2d 27; *Caporino*, 511 A.2d at 446-47.[8]  Here, Ring—the plaintiff in the second case—was not the plaintiff, or even a party, in the small claims action.  We have not had occasion to construe 14 M.R.S. § 7485 in a case where a small claims judgment is asserted as a bar against a small claims *defendant*, let alone a nonparty who was at most in privity with the defendant.[9]

[¶19]  In this case of first impression we address section 7485 in the context of (1) a nonparty who would, at most, be deemed a privy to the defendant in the small claims case; (2) the existence of potential damages claimed by that party that would exceed the jurisdictional limit of the small claims court; and (3) distinctions between court rules governing small claims cases in the District Court and civil suits to which the Maine Rules of Civil Procedure apply.

---

[8]  In *Thibeault*, the initial small claims action brought by Thibeault sought the return of certain items of personal property claimed to be in the defendant's possession. *Thibeault*, 2007 ME 154, ¶ 4, 938 A.2d 27.  The subsequent action, filed in Superior Court by Thibeault, alleged breach of contract and unjust enrichment arising out of her claimed improvements to real estate. *Id.*  We concluded that the two matters did not involve the same cause of action and 14 M.R.S. § 7485 prevented the application of the doctrine of bar and merger. *Id.* ¶¶ 7-8.  By contrast, in *Caporino* both the small claims action, in which Caporino recovered a judgment of $163.95, and a subsequent action in District Court involved identical claims for injuries sustained by Caporino on premises owned by the defendant. *Caporino*, 511 A.2d at 446-47.  We thus concluded that section 7485 allowed the application of bar and merger and that Caporino's second suit was barred. *Id.* at 447-48.

[9]  The question of whether Ring was McGaw's privy in the District Court is contested by the parties; for purposes of this opinion, we assume—without deciding—that Ring was McGaw's privy.

12

[¶20]  As noted above, small claims judgments result from special proceedings governed by unique rules and procedures and are subject to a strict statutory limitation on recoverable damages.  Here, Leighton made the choice to pursue a small claim solely against McGaw in the District Court.  He could have chosen a different forum, or joined Ring as a defendant in the small claims action if he believed, as he attempted to establish in the summary judgment record, that McGaw was acting as Ring's agent or employee.  *See* M.R.S.C.P. 3(e); 14 M.R.S. § 7481 (stating that a small claims proceeding is "an alternative, not an exclusive, proceeding").

[¶21]  Once Leighton chose his forum and his defendant, even if Ring had sought to intervene in the small claims proceeding to protect his own claim against Leighton, neither the Small Claims Act nor the small claims rules provide a basis for doing so.[10]  More importantly, if Ring were able to intervene

---

[10]  The small claims statutes make no provision for an interested party to intervene.  *See* 14 M.R.S. §§ 7481-7487 (2017).  As for the Maine Rules of Small Claims Procedure, Rule 3(e) provides:

> **Joinder of Parties.**  Persons may join as plaintiffs or be joined as defendants in one small claims action if the claims asserted by or against each arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of these persons will arise in the action.

The specific use of the active voice relating to *joining* as plaintiffs and the passive voice relating to *being joined* as defendants suggests that a party may join as a plaintiff as a matter of right, but can only be joined as a defendant by an existing party.

Furthermore, contrary to Leighton's suggestion at oral argument, Ring could not have appealed from an action to which he was not a party.  *See* M.R.S.C.P. 11(a) ("an aggrieved *party* may appeal

indirectly by filing a separate small claim against Leighton that could be joined with Leighton's action against McGaw, *see* M.R.S.C.P. 6(c)(1), as a practical matter his claim against Leighton would then have been adjudicated in an informal, nonjury hearing where the rules of evidence did not apply[11] and, significantly, his recoverable damages would have been limited by a $6,000 statutory cap.  14 M.R.S. § 7482; M.R.S.C.P. 6(b).  Ring would have lost his opportunity to choose his forum because a small claims action cannot be removed to the Superior Court.  *Ela v. Pelletier*, 495 A.2d 1225, 1227 (Me. 1985); *see* 14 M.R.S. § 7481 ("The District Court shall have jurisdiction of small claims actions.").  Regardless of whether Ring sought to intervene in Leighton's action against McGaw directly, or sought to intervene indirectly by having his own small claim against Leighton joined with Leighton's claim, either alternative produces manifest injustice: Ring would be precluded from ever

---

from a judgment of the District Court in a small claims action" (emphasis added)); M.R. Civ. P. 80L(e) ("[a] *party* entitled to appeal to the Law Court from a decision of the Superior Court may do so" (emphasis added)).

   [11]  We note that the motion practice that routinely occurs during litigation in the trial courts is not consistent with the Small Claims Act's objective of providing simplicity and expediency, *see* 14 M.R.S. § 7481, or with the rules' stated objective that they be "construed to secure the just, speedy, and inexpensive determination of every action in a simple and informal way."  M.R.S.C.P. 1, 15.

14

seeking to recover whatever damages he may have suffered in excess of the statutory cap.[12]  14 M.R.S. § 7482; M.R. Civ. P. 80L(d)(2).

[¶22]   Under these circumstances, Ring's action against Leighton for damages exceeding the small claims jurisdictional limit, for which he could not effectively intervene as a claimant against Leighton in small claims court, is within the scope of the phrase "any other cause of action" as used in 14 M.R.S. § 7485.  His action is not barred by the doctrine of res judicata or the language of Section 7485.  To the extent that *Thibeault* and *Caporino* suggest otherwise, we clarify the holdings of those cases and now hold that 14 M.R.S. § 7485 does not operate to bar an action against a small claims plaintiff by a nonparty who was at most in privity with a small claims court defendant.

[¶23]   Because the question of whether Leighton was at fault in the accident and thereby breached a duty remains a genuine issue of material fact in dispute, Leighton was not entitled to a judgment as a matter of law on Ring's complaint alleging negligence.  M.R. Civ. P. 56(c); *see Estate of Frye*, 2018 ME 44, ¶ 8, 182 A.3d 158.

---

[12]   Although the specific amount of Ring's claimed damages does not appear in the summary judgment record, in his opposition to the motion for summary judgment Ring asserted that "the $6,000 jurisdictional limit . . . is far below what Mr. Ring hopes to obtain in a judgment."

[¶24] We recognize that in this case the small claims process results in Leighton being required to relitigate liability issues previously addressed in his earlier small claims case against McGaw—a result that, in other contexts, would ordinarily be precluded by res judicata principles if Ring were found to be in privity with McGaw. *See Pushard*, 2017 ME 230, ¶¶ 19-20, 175 A.3d 103. However, that said, Leighton made the choice to pursue a small claim solely against McGaw in small claims court. Having sought the benefits of the small claims process, Leighton is subject to the limitations of 14 M.R.S. § 7485.[13]

The entry is:

> Judgment vacated; remanded to the Superior Court for further proceedings consistent with this opinion.

_____

SAUFLEY, C.J., with whom ALEXANDER, J., joins concurring.

[¶25] We reluctantly concur, but we write separately to address the confusion and potential inequities that today's opinion exposes regarding small claims actions. The Court's effort to parse through the thicket of the

---

[13] We expressly limit our holding to the facts of this case, where res judicata has been asserted against a nonparty to the small claims action who was at most a privy of the defendant in that matter. We do not opine upon the effect, if any, of section 7485 when the doctrine of res judicata has been asserted as a bar to a subsequent action by a person who was a defendant in an earlier small claims action.

16

intersecting statutory provisions of title 14, chapter 738 of the Maine Revised Statutes is laudable. It has, however, disclosed a latent unfairness to Leighton created by the design of the small claims proceedings.

[¶26] The facts are simple enough. Leighton suffered property damage when his car was hit by a car that was driven by McGaw and owned by Ring. Leighton brought suit against McGaw in small claims court. The court adjudicated the issues presented—who was negligent and what were the damages—and Leighton was awarded a judgment of just less than $4,000. Ring was present, aware of, and active in the case. The damages were paid, and Leighton went on with life.

[¶27] Unfortunately, given results of the current statutory small claims process, Leighton now finds himself in Superior Court, this time facing Ring, again to resolve the same dispute adjudicated in the small claims case—who was negligent and what were the damages. The small claims decision will not be admissible in the case, and there is no cap on the damages that Leighton may now be required to pay Ring if a different fact-finder concludes—contrary to the small claims judge's finding—that it was Leighton who was at fault, not McGaw.

[¶28] The small claims statutes, in effect for several decades,[14] have rarely been challenged in an appellate context, and as a result, the odd circumstance that Leighton finds himself in has not been previously addressed by the Court. We are forced by the language of the statute to agree that the Court has done the best that it can. The Court's holding, however, is cold comfort to Leighton who believed that he had resolved the matter in the small claims proceeding. Moreover, the Court's analysis has exposed additional traps for the unwary.[15]

[¶29] Therefore, while we cannot conclude that claim preclusion applies to small claims actions to bar a subsequent suit brought in the District or Superior Court by a person who was not an actual party to the small claims action, we can say that the unfairness of this situation—the cost of the second suit brought by Ring and the second adjudication of exactly the same action—

---

[14] *See* P.L. 1981, ch. 667 (effective Nov. 1, 1982).

[15] The small claims statutes appear to be additionally flawed in that they seem to restrict the small claims defendant's right to a jury trial; a preliminary review of the statutory restrictions indicates that a small claims defendant's jury trial right on appeal from that small claims judgment would be limited by the statutory cap of $6,000 for damages, *see* 14 M.R.S. § 7482 (2017), a restriction that does not apply to Ring in this suit. Thus, although it is likely unintended by the Legislature, the current statutory provision may encourage a race to the small claims courtroom that could, potentially in violation of the constitution, eliminate a party's right to a previously available jury trial seeking reasonable damages. The potential confusion and loss of rights should encourage the Legislature to clarify the small claims statutes.

should encourage the Legislature to review and amend the small claims statutes to avoid further, duplicative adjudication of the same issue.

[¶30] Small claims proceedings were created "for the purpose of providing a simple, speedy and informal court procedure for the resolution of small claims." Court's Opinion ¶ 11 (quoting 14 M.R.S. § 7481). By allowing Leighton to be subjected to a complete and unrestricted re-adjudication of the determination of negligence and damages, the statutes' procedures directly conflict with the Legislature's goal regarding small claims actions. We urge a thorough review of the small claims statutes.

---

Zachary J. Smith, Esq. (orally), Lawsmith Legal Services, LLC, Bangor, for appellant Eric Ring

Thomas G. Mundhenk, Esq. (orally), Mundhenk & Bell, LLC, Portland, for appellee Daniel Leighton

Penobscot County Superior Court docket number CV-2017-06
FOR CLERK REFERENCE ONLY