STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-22-5

JUN 15 '23 AM10:55
ANDRO SUPERIOR COURT

ROY WANDELL,

    Appellant

v.

DECISION AND ORDER

MAURICE EVANS and
CRYSTAL JOLICOEUR,

    Appellee

The matter before the court is appellant Roy Wandell's appeal of the District Court's decision in an action on his small claims action. Mr. Wandell brought an action against two former tenants seeking damages for physical damages to the property and unpaid rent. The District Court awarded damages for physical damages but did not grant any damages for the unpaid rent. For the following reasons, the District Court's order will be vacated and remanded to the District Court for further proceedings.

Background

Mr. Wandell filed a small claims action against Mr. Evans and Ms. Jolicoeur on December 2, 2020, after prevailing in a related Forcible Entry and Detainer action against them for ongoing lease violations and Mr. Evans's domestic violence against Ms. Jolicoeur. (*See* Docket No. SA-20-329.) Mr. Wandell sought damages for property damage Mr. Evans and Ms. Jolicoeur caused, as well as unpaid rent for May, June, July, and part of August at $700 per month. (Statement of Claim.)

The matter was set for hearing on January 12, 2022. On that date, Ms. Jolicoeur called the court to say that she could not attend because she had tested positive for COVID-19. (Jan. 12 Tr

1

2:8-14.) Mr. Evans did not attend the hearing or inform the District Court of any reason for his failure to appear. (Jan. 12 Tr 2:15-18.) Accordingly, the District Court entered a default judgment as to Mr. Evans and continued the matter to February 16, 2022, as to Ms. Jolicoeur.

The District Court asked Mr. Wandell whether he had a summary of the damages he incurred, and the cost of repairing said damages. (Jan. 12 Tr 2:25, 3:1.) The court told Mr. Wandell that at the February 16 hearing "the Court's expectation would be at that point is that you'll have all the receipts necessary to document what you say the cost of the repairs were." (Jan. 12 Tr 4:7-9.) The court reemphasized this right afterwards, instructing Mr. Wandell that he was "to bring all documentation you have to substantiate your claim as to the cost of repairs when you return on February 16." (Jan. 12 Tr 4:15-17.)

Ms. Jolicoeur did not appear at the February 16 hearing. (Feb. 16 Tr 3:6-8.) Accordingly, a default judgment was entered against her as well. (Feb. 16 Tr 4:3-6.) Mr. Evans was present at this hearing. (Feb. 16 Tr 3:13.) The District Court then turned to the issue of damages. The court put Mr. Wandell under oath and proceeded to inquire as to the documentation that Mr. Wandell had brought to substantiate his damages for repairs. (Feb. 16 Tr 8-11.)

As Mr. Wandell went through various receipts to substantiate his damages, the court noted that these documents did not substantiate an award of $3,964, as Mr. Wandell had alleged in damages in his statement of claim. (Feb. 16 Tr 11:15-17.) Mr. Wandell then clarified that he was also seeking damages for unpaid rent. (Feb. 16 Tr 11:18-19.) The District Court asked Mr. Wandell whether he had a copy of the lease that expresses what the amount of rent was. (Feb. 16 Tr 11:20-21.) Mr. Wandell did provide a copy of the rental agreement, but the agreement did not state the monthly rent. (Feb. 16 Tr. 22-24; Rental Agreement.)

2

Mr. Wandell pointed to his statement of claim, where he alleged that the rent was $700 per month. (Feb. 16 Tr. 13:11-14.) The court asked Mr. Wandell whether he had any documentation to support his allegation of back rent. (Feb. 16 Tr. 13:15-20.) Mr. Wandell said that he did not bring any documentation of the rental amount. (Feb. 16 Tr. 13:21-22.) The District Court then told Mr. Wandell "Well, today was the day that I directed you, sir, to come in with your documentation for the cl—(sic) for the amounts you claimed were owned(sic) in the way of damages—". (Feb. 16 Tr. 13:23-25.) When it became clear that Mr. Wandell did not have any documentation establishing the monthly rent, the District Court concluded its questioning. (Feb. 16 Tr. 15:13-16.) The District Court asked Mr. Evans whether he had anything to add but did not ask about the monthly rent. (Feb. 16 Tr. 15-16.)

The District Court ultimately awarded Mr. Wandell $959.03 in damages. Mr. Wandell made a timely motion for findings of fact pursuant to M.R.S.C.P. 15. The District Court granted the motion for findings of fact and found, based on the documentary evidence provided by Mr. Wandell at the February 16 hearing, that Mr. Wandell was entitled to damages for his court costs in both the FED action and small claims action, and the cost of repairs, but not back rent. (Findings of Fact ¶¶ 1-2.)

Mr. Wandell sent a letter to the District Court on April 11, 2022, seeking the opportunity to present evidence establishing his entitlement to damages for back rent. Mr. Wandell explained that he believed that he had already won judgment on the $3,000 of back rent, and only needed to provide evidence of the property damage caused by Mr. Evans and Ms. Jolicoeur. The District Court interpreted this as a Motion for Relief from Judgment pursuant to M.R.S.C.P. 9. The District Court denied the motion, reasoning that it had told Mr. Wandell to bring all of the evidence for any damages he was seeking to the February 16 hearing. The court further held that

3

the Plaintiff had "..failed to provide any proof of the lease agreement, the financial terms of the rental agreement, any record of rental payment or nonpayment, any notice to the Defendants regarding unpaid rent, etc.". (Order on Plaintiff's Motion For Clarification, p. 4). The District Court reasoned that Mr. Wandell's failure to bring evidence substantiating his claim for back rent was his own responsibility and did not meet the inexcusable neglect standard contemplated by M.R. Civ. P. 60(b)(1).[1]

Mr. Wandell then appealed the matter to Superior Court.

Standard

"Small claims proceedings are a creature of statute, established by the Legislature with jurisdiction given to the District Court for the purpose of providing a simple, speedy and informal court procedure for the resolution of small claims." *Ring v. Leighton*, 2019 ME 8, ¶ 11, 200 A.3d 259 (quotation omitted). Small claims proceedings are an alternative way to expediently resolve a claim of less than $6,000, exclusive of interests and costs, that does not involve title to real estate. 14 M.R.S. §§ 7481-7482. "Small claims proceedings are governed by separate, succinct procedural rules" promulgated by the Law Court. *Midland Funding LLC v. Walton*, 2017 ME 24, ¶ 16, 155 A.3d 864.

A party aggrieved by the District Court's judgment in a Small Claims action may appeal to Superior Court. M.R.S.C.P. 11. If a defendant appeals, they may seek a jury trial de novo on issues triable by right by including a written demand for a jury trial with supporting affidavits. M.R.S.C.P. 11(d)(2). If the defendant does not so request, the appeal is on questions of law only. *Id.* The scope of the Superior Court's review is thus limited and specific in character. *Taylor v. Walker*, 2017 ME 218, ¶ 5, 173 A.3d 539.

---

[1] M.R.S.C.P. 9 incorporates M.R. Civ. P. 60 by reference.

4

Discussion

Mr. Wandell has argued that the District Court erred in two substantive ways. First, he argues that the District Court erred by not granting the award for unpaid rent on the record before it. Second, Mr. Wandell argues that the District Court should have allowed him the opportunity to present evidence in support of his claim for unpaid rent. The court can view this claim in two ways; Mr. Wandell could prevail if the District Court erred by failing to grant the Motion for Relief from Judgment or if the District Court erred by failing to give Mr. Wandell an opportunity to present more evidence in the first place.

The court begins its analysis by noting that small claims proceedings, in light of the legislative intent that they be "simple, speedy and informal," do not follow the same rules of evidence as other proceedings. *Ring v. Leighton*, 2019 ME 8, ¶¶ 11, 13, 200 A.3d 259. For example, "[t]he court may receive any oral or documentary evidence [that is] not privileged; the presiding judge is required to assist in developing all relevant facts; and the court is not required to articulate any findings of fact or conclusions of law following the hearing." *Id.* (quotations omitted).

What the court notes about this proceeding is the fact that the District Court told Mr. Wandell to bring to the February 16 hearing was not, as the District Court later asserted, evidence of *all* of Mr. Wandell's damages. The District Court instructed Mr. Wandell in very clear terms to bring documentary evidence of the cost to repair the physical damage to the property on February 16. The District Court said nothing about bringing evidence to substantiate his claim for back rent.

When Mr. Wandell was unable to provide written documents to support his rent claim at the February 16 hearing, the District Court stated "Well, today was the day that I directed you,

5

sir, to come in with your documentation for the cl—(sic) for the amounts you claimed were owned(sic) in the way of damages—". (Feb. 16 Tr. 13:23-25.) In its Order on Plaintiff's Motion For clarification, the court wrote that it had admonished the Plaintiff to bring his receipts and other documents supporting his claim. (Order, p. 3 and 4). The District Court may have assumed at the time of the first hearing that there would be a lease agreement with a monthly rent amount attached to the Statement of Claim and that further evidence would be unnecessary. However, this court cannot blame Mr. Wandell for following the District Court's instructions, to bring documentation regarding the cost to repair. On the other hand, documentation for lost rent may not even exist. The rental agreement attached to the statement of claim does not specifiy a rent, it merely states when rent is due and lists various house rules. The arrangement appears to be a tenancy at will. A written agreement is not required to establish a tenancy at will. And Mr. Wandell evicted his tenants for lease violations, not unpaid rent. So, there would not be a notice of unpaid rent as the court referred to in its Order.

The presiding judge is required to assist in developing the relevant facts and did not afford Mr. Wandell the opportunity to testify under oath as to the amount of rent owed. Furthermore, one of the defendants was also present, and could have potentially offered testimony to clarify the issue.

The District Court was not bound to believe Mr. Wandell without documentary evidence if it did not believe his testimony. However, it is this court's view that the District Court was required to give Mr. Wandell a meaningful opportunity to present evidence, testimonial or otherwise, in support of his claim. By instructing Mr. Wandell to bring evidence of the cost of repairs and then declining to give him a chance to testify about the rental agreement, the District

6

Court functionally deprived Mr. Wandell of the chance to present that evidence. The District

Court's decision regarding rent must be reversed.

The entry is

> The order of the District Court is VACATED. The matter will be REMANDED for a further hearing on the issue of back rent only.
>
> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date:   June 15, 2023

Harold Stewart, II
Justice, Superior Court